UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Washington DC

| | |
|---|---|
| DORATHA KLUGEL )<br>514 E Street, N.E. )<br>Washington, DC  20002 )<br>     Plaintiff )<br>)<br>v. )<br>)<br>LAWRENCE M. SMALL, Secretary )<br>Smithsonian Institution )<br>Victor Building, Suite 1800, MRC 921 )<br>Washington DC  20013-7012 )<br>)<br>Special Agent Gerald Roy )<br>Office of the Inspector General )<br>Smithsonian Institution )<br>750 9th Street, NW, Suite 4200 )<br>MRC 905 )<br>Washington, D.C. 20560-0905 )<br>)<br>Tuck Hines, Director )<br>Smithsonian Environmental Research Center)<br>Smithsonian Institution )<br>647 Contees Wharf Road )<br>Edgewater, MD 21037 )<br>     Defendants ) | Case No:  _____<br>**JURY TRIAL DEMANDED** |

**SERVE:**    LAWRENCE M. SMALL, Secretary
Smithsonian Institution
Victor Building, Suite 1800, MRC 921
Washington DC  20013-7012

Special Agent Gerald Roy        Tuck Hines, Director
Office of the Inspector General    Smithsonian Environmental
Smithsonian Institution            Research Center
750 9th Street, NW, Suite 4200     Smithsonian Institution
MRC 905                  647 Contees Wharf Road
Washington, D.C. 20560-0905       Edgewater, MD 21037

## COMPLAINT FOR DISCRIMINATION,
## INVASION OF PRIVACY AND DEFAMATION

COMES NOW, Doratha Klugel, by counsel, Kevin Byrnes of Wade & Byrnes P.C., and

files this Complaint alleging the following facts, violations of law and prayer for relief:

### JURISDICTION AND VENUE

1.      Ms. Doratha "Dottie" Klugel (hereinafter "Plaintiff" and/or "Ms. Klugel") hereby files

Complaint pursuant to the Federal Tort Claims Act, and federal anti-discrimination laws under

Title VII and the Rehabilitation Act of 1973.

2.      Under the FTCA, the Smithsonian Institution is subject to liability to the extent a private

person would be to the Plaintiff in accordance with the law of the place where the act or

omission occurred 28 U.S.C. § 1346(b).  The Smithsonian Institution is likewise subject to

federal anti-discrimination laws such as Title VII and the Rehabilitation Act of 1973. Ms. Klugel

files this complaint of employment discrimination and for private causes of action against the

Smithsonian Institution ("the Agency") and its agents.  The Agency is a federal agency covered

by the processes of federal sector employment discrimination claims as set forth in 29 C.F.R. §

1614 pursuant to 29 C.F.R. § 1614.103(b)(7).

5.      Jurisdiction is specifically conferred upon this United States District Court by the

aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Furthermore, this action involves a

federal instrumentality as Defendant. 28 U.S.C. § 501 et seq.

6.      Venue in this forum is proper because the acts complained of in this action occurred

within the District of Columbia and because the Plaintiff is a resident of the District.

## PARTIES

7.      "Plaintiff" is a resident of the District of Columbia and a former employee of the Defendant Smithsonian Institution. All the acts and omissions that give rise to her Complaint herein occurred in the District of Columbia.

8.      The Smithsonian Institution (hereinafter "Smithsonian" or "Agency") is a Defendant in this action. Lawrence M. Small, Secretary of the Smithsonian Institution, is not believed to have any personal knowledge of the facts which give rise to this Complaint and is identified as the Defendant in his capacity as the head of the Smithsonian Institution.

9.      Special Agent Gerald Roy is a individual Defendant as to Count Five.

10.     Tuck Hines is an individual Defendant as to Count Five.

## FACTS

11.     In December 2004, Ms. Klugel was subject to an investigation by the Smithsonian's IG's office based on false claims of misusing official travel to have liaisons with her boyfriend, now husband, Mr. Yunger.

12.     On December 14, 2004, S.A. Roy and Acting Director of SERC, Mr. Tuck Hines ("Mr. Hines") questioned Ms. Klugel on her travel arrangements with Mr. Yunger, and asked her how many boyfriends she had. The Smithsonian thereafter continued to make inappropriate and unreasonable inquiries into Ms. Klugel's personal life and her relationship with Mr. Yunger, and thereafter attempted to portray Ms. Klugel as unchaste.

13.     During December 2004, Special Agent Jerry Roy ("S.A. Roy") and Mr. Hines continued to harass Ms. Klugel about her boyfriend, Mr. Yunger, and made remarks to Ms. Klugel and to others about Ms. Klugel's sexuality.

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

3

14.     On January 12, 2005, Mr. Hines told Ms. Klugel that she is "one step away from being a marked employee" – a statement which suggested not only adverse action but potential criminal prosecution.

15.     On January 20, 2005 Ms. Klugel was questioned regarding medical leave taken by her due to an automobile accident.  Ms. Klugel was directed by Mr. Hines and others to present evidence of her personal medical condition, despite proof of the accident.  The unreasonable scrutiny was a violation of the Rehabilitation Act and was a form of retaliation for prior protected activity.

16.     In March of 2005, Ms. Klugel had her duties reduced in retaliation for her hesitancy to answer unreasonable questions about her personal life.  Mr. Hines, S.A. Roy and others reiterated disparaging remarks about Ms. Klugel, which they knew to be untrue, or which were made with reckless disregard as to the truth or falsity of such statements.

17.     The statements impugned Ms. Klugel's professional reputation and her mental and sexual character.  The statements were made with discriminatory animus because of the Plaintiff's gender (female), her handicap (anxiety and perceived mental disability) and in retaliation invocation of federal anti-discrimination laws.

18.     On April 12, 2005, Mr. Hines directed Ms. Klugel to a mandatory mental health referral to the Agency's Employee Assistance Program (EAP) upon a pre-textual claim that Ms. Klugel was mentally ill due stress and anxiety.

19.     The referral for an EAP was based on an improper and unfounded belief that Ms. Klugel suffers from a mental impairment.

20.     In response to these actions by the Smithsonian, Ms. Klugel requested to have her attorney present to protect her rights and privacy interests. In response, Mr. Hines and others threatened Ms. Klugel with adverse action, demonstrating the actual malice on the part of the Defendant to injure Ms. Klugel and discriminated against her.

21.     On April 12, 2005, Ms. Klugel's job assignments were significantly reduced, and assigned to a male co-worker.

22.     Ms. Klugel demanded that the Agency initiate EEO counseling process and anti-discrimination protection. These efforts were unlawfully rebuked and ignored by the Agency. In fact, despite written protests, the Agency refused to process Ms. Klugel's complaint for discrimination and by doing so, intentionally deprived her access to the federal sector EEO counseling process.

23.     In further retaliation and reprisal, on May 2, 2005, the Smithsonian Institution placed Ms. Klugel on a "progress report" despite no documented performance deficiencies. Faced with a pervasive, hostile working environment, and faced with further tortious attacks to her character, mental impairments or speculation thereon, and the threats to her relationship with Mr. Yunger., Ms. Klugel

24.     Ms. Klugel's environment was so pervasively hostile as to render her resignation as reasonable response to the hostility. Thus her resignation was actually a constructive termination.

25.     Ms. Klugel's constructive termination from the Agency stemmed in part through the Agency's deliberate failure to engage in EEO counseling and allege the discriminatory conduct reported to the Agency by Ms. Klugel in April.

26.     As a result of acts and omissions taken by her employer, Ms. Klugel suffered retaliation

for invoking her federal employment rights, sexual harassment, a hostile work environment,

constructive discharge based upon perceived disability and gender, and was subject to disparate

treatment on the basis of her perceived disability and gender.

## COUNT ONE:
## GENDER DISCRIMINATION

27.     Paragraphs 1-26 are re-alleged and incorporated by reference as if fully set forth herein.

28.     Ms. Klugel, as a female, is a member of a protected class pursuant to Title VII of the

Civil Rights Act of 1964.

29.     As a result of acts and omissions taken by her employer, Ms. Klugel suffered

discrimination which created a hostile work environment and was subject to disparate treatment

due to her gender.

30.     The unwarranted scrutiny interposed by the Agency was also discrimination against Ms.

Klugel on the basis of her gender.

31.     The abusive and heavy-handed and quasi-criminal interrogations by S.A. Roy, Mr. Hines

and others were conducted with the intent to cause embarrass and intimidate Ms. Klugel.

32.     During this time, and continuing until her last date of employment (May 12, 2005), the

Agency also removed Ms. Klugel from meaningful assignment and duties, demoted her without

cause, denied her leave when properly requested, submitted Ms. Klugel to unwarranted

supervision, and made retaliatory threats of legal action against Ms. Klugel.

33.     The Smithsonian Institution, in coordination with the Smithsonian Institution's Inspector

General's Office (hereinafter "IG Office"), S.A. Roy, Mr. Hines and others Defendant Tuck,

conspired in a campaign of harassment and reprisal against Ms. Klugel's seclusion, so as to

cause her to resign or force eventual termination on pre-textual grounds.

**WADE & BYRNES P.C.**
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

6

34.     As a result of the discriminatory conduct outlined above, Ms. Klugel suffered emotional

and psychological harm and was constructively terminated from the Agency by virtue of the

severe and pervasive discriminatory work environment and the unwarranted scrutiny into the

Plaintiff's personal life.  This misconduct continued unabated because of the Agency's

purposeful failure to respond the invocation of federal civil rights laws.

**COUNT TWO:**
**DISABILITY DISCRIMINATION**

35.     Paragraphs 1-34 are re-alleged and incorporated by reference as if fully set forth herein.

36.     Ms. Klugel is a member of the class of persons protected by the Rehabilitation Act of

1973 since she suffers from a recognized disability (anxiety) and was otherwise perceived as

disabled.

37.     In violation of the Rehabilitation Act, the Agency made unreasonable and unwarranted

requests for medical information from Ms. Klugel and further perceived  Ms. Klugel as disabled.

38.     The Agency also regarded Ms. Klugel as mentally impaired and referred her to a

mandatory mental health evaluation with the EAP.

**COUNT THREE:**
**RETALIATION FOR INVOCATION OF**
**FEDERAL ANTI-DISCRIMINATION LAW**

39.     Paragraphs 1-38 are re-alleged and incorporated by reference as if fully set forth herein.

40.     Ms. Klugel is a member of a protected class of persons by virtue of her invocation of

federal anti-discrimination laws and her protected activity and protest activity under federal anti-

discrimination laws.

**WADE & BYRNES P.C.**
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

41.     Ms. Klugel's invocation of federal anti-discrimination protection was not only consciously ignored by the Smithsonian, but she was also subject to reprisal and retaliation for seeking such protection.

42.     On April 18, 2005, Plaintiff formally invoked the federal sector EEO process through and after her individual attempts at doing so were rebuked.

43.     The Agency intentionally refused to commence an examination of the conduct of its agents as required by federal sector EEO law.

44.     As an intended result, no EEO investigation was conducted, and the Plaintiff continued to suffer exacerbated working conductions unabated by the impartial invesitgation, required under the federal sector EEO process.

45.     The lack of investigation, refusal to accept and process Ms. Klugel's complaints and refusal to engage in mandatory EEO counseling furthemore, constitutes a seperate cause of action against not only those agency officials who directed Ms. Klugel in the discriminatory workplace, but who also sought to protect such individuals through meritless legal posturing.

**COUNT FOUR:**
**INVASION OF PRIVACY**

46.     Paragraphs 1-45 are re-alleged and incorporated by reference as if fully set forth herein.

47.     Defendant committed acts that include an unreasonable intrusion upon the seclusion of Ms. Klugel and unreasonable publicity given to her private life.

48.     The Defendant's Inspector General's Office (hereinafter "IG Office") and particularly through S.A. Roy and Mr. Hines unjustly pried into Ms. Klugel's romantic relationship with Mr. Yunger and others.

49.     The Defendant sought to place the Plaintiff in a false light before the public, and to create a false justification for Ms. Klugel's removal from the Agency.

**WADE & BYRNES P.C.**
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

8

50.    The acts of unreasonable intrusion include, but are not limited to, threats of termination for continuing a romantic relationship with her then fiancé, unreasonable questions about Ms. Klugel's relationship with Mr. Yunger, allegations concerning her behavior and questions about the number of sexual encounters she has had. This was done in bad faith, maliciously and without lawful justification.

51.    No legitimate basis for the questions posed by the Defendant existed and subsequent dissemination of these statements both orally and in writing were not reasonably related to any legitimate investigation.

## COUNT FIVE:
## DEFAMATION (Slander and Libel)

52.    Paragraphs 1-51 are re-alleged and incorporated by reference as if fully set forth herein.

53.    Defendants S.A. Roy and Mr. Hines are individually liable for their personal conduct.

54.    During the IG investigation as identified above, S.A. Roy and Mr. Hines, repeated and published statements about Ms. Klugel's sexual relationship with her then, boyfriend, and current husband, Mr. Yunger, which impugned her reputation and chastity. These persons include S.A. Roy and Mr. Hines and others.

55.    These same persons made knowingly false and derogatory statements about Ms. Klugel's sanity in an effort to injure her reputation and character.

56.    These same persons made knowingly false and derogatory statements about Ms. Klugel's professional reputation in an effort to injure her reputation and character.

57.    As a result of these false and libelous statements, and their subsequent re-publication and dissemination, the Plaintiff suffered emotional harm and harm to her personal and professional reputation.

    WHEREFORE, Plaintiff requests that this Court enter judgment:

(a) declaring the acts and practices complained of to be in violation of the Title VII and the Rehabilitation Act of 1973;

(b) enjoin and retrain the Defendants from any further violations of Title VII and the Rehabilitation Act;

(c) direct the Defendants to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

(d) direct Defendants to place plaintiff in the position, that she would otherwise have occupied but for the discriminatory and wrongful treatment of the Plaintiff;

(e) direct Defendants to make the plaintiff whole for all earnings, compensation and benefits he would have received but for the Defendant's discriminatory and otherwise wrongful actions, including, but not limited to, wages, supplements, bonuses, sales commissions, pension, severance benefits, benefits that would have otherwise been included in Plaintiff's pension plan(s), medical insurance, medical leave and persona leave, insurance policies, and other lost benefits;

(f) award Plaintiff any and all amounts owed to her that have been withheld in violation of Title VII and/or the Rehabilitation Act of 1973, together with interest thereon;

(g) award the plaintiff liquidated damages pursuant to the Title VII and Rehabilitation Act in the form of back-pay;

(h) award the Plaintiff the costs of this action, together with reasonable attorneys' fees to the maximum extent available under the law;

(i) enjoin and restrain the Defendants from any further violations to the Plaintiff's right to seclusion;

WADE & BYRNES P.C.
616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

(j)  direct Defendants to make the plaintiff whole for all compensatory damages arising from the their conduct, including but not limited to lost wages, and pain and suffering, medical expenses and other losses as may be discovered during discovery and at trial;

(k)  award punitive damages to the fullest extent available under the law for the capricious, willful, wanton and intentional conduct of the Defendants Roy and Hines;

(l)  award the Plaintiff the costs of this action, together with reasonable attorneys' fees to the maximum extent available under the law; and

(m)  grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action of all issues so triable.

Respectfully Submitted,

DORATHA KLUGEL


COMMONWEALTH OF VIRGINIA:
CITY OF Alexandria, to wit:

On this 2nd day of November, 2006, Doratha Klugel, the Plaintiff named in the foregoing Complaint, appeared before me, the undersigned notary public in and for the jurisdiction aforesaid, and after being duly sworn, stated that the facts and allegations in the aforesaid Complaint are true to the best of his knowledge.

Notary Public

My Commission Expires:  10/31/09


WADE & BYRNES, P.C.

Kevin Byrnes, Esq., DC Bar # 480195
616 North Washington Street
Alexandria, Virginia 22314
Phone: 703/836-9030
Fax: 703/683-1543
Counsel for Plaintiff

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Doratha Klugel<br>514 E Street, N.E.<br>Washington, D.C. 20002 | Lawrence M. Small, Secretary<br>Special Agent Gerald Roy<br>Tuck Hines, Director |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____Washington, D.C.____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kevin Byrnes<br>Wade & Byrnes, P.C.<br>616 N. Washington Street<br>Alexandria, VA 22314          703/836-9030 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O  G. *Habeas Corpus/ 2255* | ⊙  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment <br> (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    O 2 Removed from State Court    O 3 Remanded from Appellate Court    O 4 Reinstated or Reopened    O 5 Transferred from another district (specify)    O 6 Multi district Litigation    O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Federal Tort Claims Act, Rehabilitation Act of 1973, 28 U.S.C. 1346(b), 29 CFR 1614, 28 USC 1331, 1343, 28 USC 501

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** See Complaint  Check YES only if demanded in complaint <br> **JURY DEMAND:**    YES ☒    NO ☐ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE  11/2/06    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.