**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DORATHA KLUGEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Civil Action No.: 06-1886 (HHK)** |
| | ) |
| **LAWRENCE M. SMALL, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT AND MOTION TO SUBSTITUTE THE UNITED STATES AS
THE SOLE DEFENDANT IN COUNTS IV AND V**

Defendants, Lawrence M. Small, Gerald Roy, and Tuck Hines, respectfully move to

dismiss this lawsuit brought pursuant to Title VII of the Civil Rights Act of 1964, the

Rehabilitation Act of 1973, and District of Columbia common law, because Plaintiff has failed to

state a claim upon which relief can be granted and this Court lacks subject matter jurisdiction

over Plaintiff's tort claims, making dismissal pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6) appropriate. Alternatively, Defendants seek summary judgment pursuant

to Federal Rule of Civil Procedure 56 because there are no material facts in dispute and

Defendants are entitled to judgment as a matter of law. Additionally, Defendants move to

substitute the United States as the proper defendant as it pertains to Counts IV and V.

In support of this Motion, Defendants refer the Court to the accompanying statement of

material facts not in dispute and memorandum of points and authorities. A proposed Order

consistent with this Motion also is attached.

Respectfully submitted,


   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT


Of Counsel:

Christine Nicholson
Associate General Counsel
Office of the General Counsel
Smithsonian Institution Building – Room 302
1000 Jefferson Drive, SW MRC-012
P.O. Box 23286
Washington, DC 20026

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DORATHA KLUGEL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 06-1886 (HHK)** |
| | ) | |
| **LAWRENCE M. SMALL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), Defendants, Lawrence M. Small, Gerald Roy, and Tuck Hines, respectfully submit this statement of material facts as to which there is no genuine issue in support of their Motion for Summary Judgment.

1.      Plaintiff is a former Education Specialist with the Smithsonian Institution ("Smithsonian").  (Ex. A, EEO Counseling Report dated May 15, 2006).

2.      Plaintiff contends that in December 2004, she was subjected to sexual harassment when she was made the subject of an investigation by Defendants Roy and Hines concerning travel arrangements she had made with her boyfriend, Mr. Yunger.  (Id. at 2; Compl. ¶¶ 11-12). During this investigation and afterwards, Plaintiff contends that Messrs. Roy and Hines continued to harass her about her boyfriend and made improper remarks to Plaintiff and to others about her sexuality.  (Compl. ¶ 13).

3.      Plaintiff contends that on January 12, 2005, Mr. Hines told her that she was "one step away from being a marked employee" – a statement Plaintiff construed as implying that she would suffer an adverse action as well as potentially being criminally prosecuted.  (Id. ¶ 14).  In

addition, Plaintiff states that on January 20, 2005, she was questioned regarding medical leave she took due to an automobile accident. (Id. ¶ 15). Plaintiff alleges that she was told she had to present evidence of her medical condition, "despite proof of the accident." (Id.).

4. Plaintiff alleges that in March, 2005, her duties were reduced in retaliation for her "hesitancy" regarding answering questions about her personal life. (Id. ¶ 16; Ex. A, at 2). Plaintiff contends that Messrs. Roy and Hines made disparaging remarks about Plaintiff that they knew to be untrue and "with reckless disregard as to the truth or falsity of such statements." (Compl. ¶ 16).

5. Plaintiff contends that she was also discriminated against when, on April 12, 2005, she was directed by Mr. Hines to a mandatory mental health referral. (Id. ¶ 18). Plaintiff states that this referral was based upon "an improper and unfounded belief" that she "suffers from a mental impairment." (Id. ¶ 19). Plaintiff contends that she requested to have her attorney present but was threatened with adverse action. (Id. ¶ 20).

6. Also on April 12, 2005, Plaintiff states that she was discriminated against when she was told by Mr. Haddon, the Director of Education, Smithsonian Environmental Research Center (SERC), that Plaintiff could not request any more leave. (Ex. A, at 2). Furthermore, Plaintiff contends that her "job assignments were significantly reduced and assigned to a male co-worker." (Compl. ¶ 22).

7. Plaintiff states that she "demanded" that the Agency initiate the Equal Employment Opportunity ("EEO") counseling process and anti-discrimination protection, but these requests were "rebuked and ignored by the Agency." (Compl. ¶ 22). Plaintiff states that despite written protests, the Agency refused to process Plaintiff's complaint for discrimination. (Id.).

8.     Plaintiff contends that, on May 2, 2005, the Agency further retaliated against her by placing her on a "progress review" or "progress report" despite the fact that she had "no documented performance deficiencies." (Ex. A, at 3; Compl. ¶ 23). Plaintiff contends that, due to the hostile nature of her environment, she was forced to resign on May 12, 2005, which was actually a constructive discharge. (Compl. ¶ 24; Ex. A, at 3). This constructive discharge in part stemmed from the Agency's failure to engage in EEO counseling and to do anything about the discriminatory conduct Plaintiff reported in April. (Compl. ¶ 25).

9.     On July 28, 2005, Plaintiff filed an administrative tort claim with the Smithsonian. (Ex. B, Claim for Damage, Injury, or Death, dated July 28, 2005). In this claim, Plaintiff sought $300,000 based upon "infringements of her right to seclusion and to be free from <u>unreasonable</u> intrusion by another." (Id., Ex. B). Specifically, Plaintiff contended that the Smithsonian Institution, in conjunction with its Inspector General's Office, "undertook a campaign of harassment and unreasonable intrusion upon Ms. Klugel's seclusion by prying unjustly into her romantic relationship with her then boyfriend, and now fiancé, Mr. Philip Younger." (Id., Ex. A). This harassment included the Smithsonian's "investigation" in December 2004, into what Plaintiff claims were false claims of misusing official travel and having liaisons with Mr. Yunger, as well as the questioning Plaintiff contends she endured in January 2005, the reduction in her assignments in March 2005, being directed for a mental health referral, the retaliation she suffered in April 2005, and being placed on a "progress report" on May 2, 2005. (Id.).

10.     On October 12, 2005, the Smithsonian Institution, Office of General Counsel, denied Plaintiff's administrative claim. (Ex. C, Letter to Ms. Klugel from John E. Huerta, General Counsel, dated October 12, 2005). Plaintiff, through her attorney, appealed this denial

in a letter dated April 12, 2006. (Ex. D, Letter to Mr. Huerta from Kevin Byrnes, dated April 12, 2006). Plaintiff's appeal was denied on May 5, 2006. (Ex. E, Letter to Mr. Brynes from Mr. Huerta, dated May 5, 2006).

  11. Plaintiff's first date of contact with an EEO officer occurred on September 23, 2005, approximately four months after she was allegedly constructively discharged, and two months after the filing of her administrative tort claim. (Ex. A, at 1).

<div style="margin-left:40%">

Respectfully submitted,

 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

 /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

</div>

Of Counsel:

Christine Nicholson
Associate General Counsel
Office of the General Counsel
Smithsonian Institution Building – Room 302
1000 Jefferson Drive, SW MRC-012
P.O. Box 23286
Washington, DC 20026

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DORATHA KLUGEL**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Civil Action No.: 06-1886 (HHK)** |
| | ) |
| **LAWRENCE M. SMALL, et al.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT AND MOTION TO SUBSTITUTE THE UNITED STATES AS
THE SOLE DEFENDANT IN COUNTS IV AND V**

Defendants, Lawrence M. Small, Secretary, Smithsonian Institution, Special Agent

Gerald Roy, Smithsonian Institution, and Tuck Hines, Director, Smithsonian Environment and

Research Center, Smithsonian Institution, submit this memorandum of law in support of their

motion to dismiss or, in the alternative, for summary judgment.  Plaintiff Doratha Klugel

("Plaintiff") has filed a five count complaint in which she alleges that she was discriminated and

retaliated against in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation

Act of 1973 (Counts I, II, and III) and that the defendants invaded her privacy (Count IV) and

defamed her (Count V).

Plaintiff's claims brought pursuant to Title VII and the Rehabilitation Act are subject to

dismissal because she failed to timely contact an Equal Employment Opportunity ("EEO")

Counselor.  In addition, the United States should be substituted as the defendant as it pertains to

Plaintiff's tort claims, and these claims are thereafter subject to dismissal by virtue of Federal

Rule of Civil Procedure 12(b)(1) as this Court lacks subject matter jurisdiction to entertain them.

Alternatively, summary judgment pursuant to Federal Rule of Civil Procedure 56(c) is proper

because there are no material facts in dispute and Defendants are entitled to judgment as a matter of law.

## I.    FACTUAL BACKGROUND

Plaintiff, Doratha Klugel, is a former education specialist with the Smithsonian Institution ("Smithsonian").  (Ex. A, EEO Counselor Report dated May 15, 2006).  Plaintiff contends that she has suffered discrimination pursuant to Title VII of the Civil Act of 1964 and the Rehabilitation Act.  Specifically, Plaintiff contends that she was sexually harassed when, in December 2004, the Acting Director of SERC, Mr. Tuck Hines, and Smithsonian special agent Gerald Roy, subjected Plaintiff to an investigation concerning Plaintiff's travel arrangements with her boyfriend, Mr. Yunger.  (Compl. ¶ 11; Ex. A, at 2).  Plaintiff contends that Messrs. Roy and Hines made inappropriate comments to her both during and after their "investigation" and made further inappropriate comments to Plaintiff and others about Plaintiff's sexuality.  (Compl. ¶ 13).

Thereafter, on January 12, 2005, Mr. Hines allegedly told Plaintiff that she was "one step away from being a marked employee," a statement Plaintiff took to mean that an adverse action would be taken against her as well as a potential criminal prosecution.  (Compl. ¶ 14).  Next, on January 20, 2005, Plaintiff contends that she was questioned regarding medical leave she had taken as a result of an automobile accident, and was asked to present proof of her medical condition, "despite proof of the accident."  (Id. ¶ 15).  To Plaintiff, this "unreasonable scrutiny" violated the Rehabilitation Act and was in retaliation for her prior protected activity.  (Id. ¶ 15).

In March 2005, Plaintiff contends that she again suffered discrimination when her duties were reduced in retaliation for her "hesitancy" to answer questions about her personal life.  (Ex.

A, at 2; Compl. ¶ 16).  Furthermore, Plaintiff contends that Messrs. Hines and Roy and others made disparaging remarks about Plaintiff, which they knew to be untrue, and which "impugned [Plaintiff's] professional reputation and her mental and sexual character."  (Compl. ¶ 16). Plaintiff contends that these statements were made because of her gender, handicap (anxiety and perceived disability) and in retaliation for Plaintiff invoking the federal anti-discrimination laws. (Id. ¶ 18).  Plaintiff contends she suffered further discriminatory treatment when, on April 12, 2005, Mr. Hines directed her to a mandatory mental health referral based upon a pre-textual claim that Plaintiff "was mentally ill due to stress and anxiety."  (Id.).  Plaintiff contends that she requested to have her attorney present to protect her rights, but she was threatened by Mr. Hines and others with adverse actions.  (Id. ¶ 20).

Plaintiff contends she suffered further retaliation when, on April 12, 2005, her job duties were significantly reduced.  (Id. ¶ 21).  Plaintiff contends that she "demanded" that the Smithsonian initiate the EEO counseling process but her efforts were "rebuked and ignored" by the Agency, which she feels "intentionally deprived her access to the federal sector EEO counseling process."  (Id. ¶ 22).  Furthermore, on May 2, 2005, Plaintiff contends she was placed on a "progress report" or "progress review" despite that fact that she had no "documented performance deficiencies."  (Ex. A, at 3; Compl. ¶ 23).  Rather than face further discriminatory treatment, Plaintiff contends that she resigned, which, due to her pervasive hostile work environment, was in actuality a constructive discharge.  (Compl. ¶ 25).  Plaintiff states that her constructive discharge in part stems from the Agency's "deliberate failure to engage in EEO counseling and allege the discriminatory conduct reported to the Agency by [Plaintiff] in April." (Compl. ¶ 25).

Plaintiff filed an administrative tort claim on July 28, 2005. (Ex. B, Claim for Damage, Injury, or Death). In her claim, Plaintiff sought $300,000 based upon "infringements of her right to seclusion and to be free from <u>unreasonable</u> intrusion by another." (<u>Id.</u>). Specifically, Plaintiff contended that the Smithsonian, in conjunction with its Inspector General's Office, "undertook a campaign of harassment and unreasonable intrusion upon Ms. Klugel's seclusion by prying unjustly into her romantic relationship with her then boyfriend, and now fiancé, Mr. Philip Younger." (<u>Id.</u>, Ex. A). This harassment included the Smithsonian's "investigation" in December 2004, into what Plaintiff asserts were false claims of misusing official travel and having liaisons with Mr. Yunger, as well as the questioning Plaintiff contends she endured in January 2005, the reduction in her assignments in March 2005, being directed to a mandatory mental health referral, the retaliation she suffered in April 2005, and being placed on a "progress report" on May 2, 2005. (<u>Id.</u>).

On October 12, 2005, the Smithsonian Institution, Office of General Counsel, denied Plaintiff's administrative claim. (Ex. C, Letter to Ms. Klugel from John E. Huerta, General Counsel, dated October 12, 2005). Plaintiff, represented by her counsel, appealed this denial in a letter dated April 12, 2006. (Ex. D, Letter to Mr. Huerta from Kevin Byrnes, dated April 12, 2006). Plaintiff's appeal was denied on May 5, 2006. (Ex. E, Letter to Mr. Brynes from Mr. Huerta, dated May 5, 2006).

Plaintiff filed her complaint in this Court on November 3, 2006. In her complaint Plaintiff alleges five counts. Count I is brought pursuant to Title VII of the Civil Rights Act of 1964 and alleges that Plaintiff was discriminated against on the basis of her gender. Count II is brought pursuant to the Rehabilitation Act and states that Plaintiff was discriminated against on

the basis of a perceived disability.  Count III alleges that Plaintiff suffered retaliation for

invoking federal anti-discrimination law.  Count IV alleges that Plaintiff was the victim of an

invasion of privacy when Messrs. Roy and Hines "pried" into Plaintiff's romantic relationship

with Mr. Yunger.  And Count V alleges that Plaintiff was defamed by statements Messrs. Roy

and Hines made about her that they knew to be false and derogatory.  In Count V, Plaintiff seeks

recovery from Messrs. Roy and Hines in their individual capacities.  (Compl. ¶ 53).

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v.

Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is

not required, however, to accept inferences unsupported by the facts alleged or legal conclusions

that are cast as factual allegations."  Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64

(D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition,

when determining whether jurisdiction is proper, the Court is at liberty to look beyond the

pleadings without converting the motion into one for summary judgment.  See Haase v. Sessions,

835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b)

permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

The standard for granting a motion to dismiss pursuant to Rule 12(b)(6) is well-known.

A motion to dismiss for failure to state a claim serves to test the legal sufficiency of the

complaint.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  For purposes of a motion to dismiss, a court takes

5

as true all inferences that can be derived from the facts alleged.  <u>Kowal</u>, 16 F.3d at 1276.  A

court, however, need not accept the inferences drawn by a plaintiff if such inferences are

unsupported by the facts set out in the complaint.  <u>Id.</u>  A court should dismiss a complaint if

plaintiff can prove no set of facts that would entitle her to relief.  <u>Emoagram SA v. F. Hoffman</u>

<u>Larouche, Ltd.</u>, 315 F.3d 338, 343 (D.C. Cir. 2003); <u>Beverly Enterprises v. Herman</u>, 50 F. Supp.

2d 7, 11 (D.D.C. 1999).

 Similarly, summary judgment pursuant to Fed. R. Civ. P. 56(c) is appropriate when the

record shows that there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248

(1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith</u>

<u>Radio Corp.</u>, 475 U.S. 574, 587 (1986).  In determining whether a genuine issue of material fact

exists, the trier of fact must view all the facts, and the reasonable inferences to be drawn from

them, in a light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.  If the

evidence favoring the non-moving party is "merely colorable, or is not significantly probative,

summary judgment may be granted."  <u>Id.</u> at 249-50.  In order to withstand summary judgment,

the non-moving party is not at liberty to rest upon mere allegations or denials but must come

forth with evidence establishing a material issue of fact for trial.  <u>Id.</u> at 248.  The mere existence

of some factual dispute is insufficient to withstand summary judgment; there must be a genuine

issue of <u>material</u> fact.  <u>Id.</u> at 247-48.  If the submitted evidence is of such a character that it

would not permit a reasonable fact-finder to find in favor of the non-moving party, summary

judgment is appropriate.  <u>Id.</u> at 251.

 The undisputed evidence in this matter demonstrates that Plaintiff did not timely contact

an EEO counselor concerning her claims of gender and disability discrimination, thus requiring

dismissal of Counts I-III.  In addition, the United States should be substituted as the sole

defendant concerning the common law tort claims Plaintiff asserts in Counts IV and V.  Because

Plaintiff has failed to allege a cognizable claim under the FTCA, dismissal of Counts IV and V is

required.

## III.    ARGUMENT

### A.    PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.

Prior to seeking relief in federal court under Title VII of the Civil Rights Act of 1964 or

the Rehabilitation Act of 1973, 29 U.S.C. § 701, a federal employee must timely exhaust all

available administrative remedies.  See 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; Kizas

v. Webster, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983); see, e.g., Robinson v. Chao, 403 F.

Supp. 2d 24, 28 (D.D.C. 2005); Raines v. United States Dep't of Justice, 424 F. Supp. 2d 60, 65

(D.D.C. 2006).[1]  Before a complainant can file a formal discrimination complaint, she must first

consult an EEO counselor to try to resolve the matter informally.  29 C.F.R. § 1614.105(a).

Contact with an EEO counselor must occur "within 45 days of the date of the matter alleged to

be discriminatory or, in the case of personnel action, within 45 days of the effective date of the

action."  29 C.F.R. § 1614.105(a)(1).  If the matter is not resolved informally, the complainant

may then file a formal complaint against the agency within 15 days of receipt of notice from the

---

[1]"Section 501 is the exclusive remedy for federal employees alleging disability discrimination by a federal agency."  Raines, 424 F. Supp. at 65 (citations omitted).  Regulations promulgated by the Department of Labor require federal courts to use the standards applicable to claims brought pursuant to the Americans with Disabilities Act in determining whether section 501 of the Rehabilitation Act has been violated.  29 C.F.R. § 1614.203.

EEO counselor.  29 C.F.R. § 1614.105(d).

Courts have strictly enforced the time deadlines throughout the complaint process under Title VII.  Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience."); Bayer v. Department of the Treasury, 956 F.2d 330, 332-33 (D.C. Cir. 1992) (although failure to comply with time limits is not a jurisdictional defect, plaintiff bears the burden of pleading and proving sufficient reasons to excuse noncompliance); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1994); Raines, 424 F. Supp. 2d at 65-66 ("Dismissal results when a plaintiff fails to exhaust administrative remedies.") (citations omitted); Carter v. Rubin, 14 F. Supp. 2d 22, 32 (D.D.C. 1998) (holding that federal employees may not file employment discrimination actions outside applicable time deadlines).

In order to exhaust her administrative remedies, therefore, Plaintiff was required to timely contact an EEO officer within 45 days of the alleged discriminatory incident.  Harris v. U.S. Attorney General, 400 F. Supp. 2d 24, 27 (D.D.C. 2005).  According to Plaintiff, she was first discriminated against in December 2004, when she was made the subject of an investigation by Messrs. Roy and Hines.  (Ex. A, at 2; Compl. ¶¶ 11-12).  Yet she did not contact an EEO counselor at that time.  Plaintiff contends that she was again discriminated against in January 2005 when Mr. Hines made statements Plaintiff believed to be threatening and when she was questioned about medical leave she had taken.  (Compl. ¶ 15).  However, she did not contact an EEO counselor at that time.  In March 2005, Plaintiff contends that her duties were reduced, and a month later, in April 2005, she contends that Mr. Hines discriminated against her by directing her to a mandatory mental health referral.  (Ex. A, at 2; Compl. ¶ 18).  Yet she did not contact an

EEO counselor at that time.  In May, 2005, Plaintiff states that she was placed on a progress

review, which she considered to be retaliatory conduct and, in light of the allegedly hostile work

environment she had to endure, she determined that her last day of employment would be May

12, 2005.  (Ex. A, at 3; Compl. ¶ 23).

Despite her alleged "constructive discharge" on May 12, 2005, Plaintiff did not contact

an EEO counselor until over four months later, on September 23, 2005.  (Ex. A).[2]  Clearly,

Plaintiff has failed to timely contact an EEO counselor within 45 days of the alleged

discriminatory treatment she received, and her claims pursuant to Title VII and the

Rehabilitation Act (Counts I-III) must be dismissed.  See, e.g., Raines, 424 F. Supp. 2d at 67

(dismissing claims pursuant to the Rehabilitation Act where "the plaintiff did not contact an EEO

counselor within the 45 days of the alleged wrongful termination from the FBI . . . .").

### B.    PLAINTIFF HAS FAILED TO ASSERT A COGNIZABLE CLAIM UNDER THE FTCA.

In Counts IV and V, Plaintiff asserts claims for invasion of privacy and defamation

against the Smithsonian.  In Count V, Plaintiff attempts to hold Defendants Roy and Hines

personally liable for damages.  Plaintiff's claims are without merit for several reasons.  First, as

the Westfall certification attached as Exhibit F demonstrates, Defendants Roy and Hines were

acting within the scope of their duties at the time the events alleged in the complaint occurred.

Thus, the United States should be substituted as the sole defendant as it pertains to Counts IV

and V.  In addition, once substitution is made, dismissal is required because Plaintiff's claim

---

[2]Yet, Plaintiff clearly had consulted with an attorney at the time that some of the
allegedly discriminatory events were occurring.  Compl. ¶ 20 ("In response to these actions by
the Smithsonian, [Plaintiff] requested to have her attorney present to protect her rights and
privacy interests . . . .").

must be brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, et

seq., which does not waive the sovereign immunity of the United States with regard to claims for

defamation. Furthermore, because Plaintiff's invasion of privacy claim arises out of the same

conduct upon which her defamation claim is based, this claim is also barred. For these reasons,

Counts IV and V of Plaintiff's complaint must be dismissed.

      **1.     Plaintiff's Common Law Tort Claims Must be Brought Pursuant to the FTCA and the United States must be Substituted as the Sole Defendant.**

In Count IV of her Complaint, Plaintiff asserts a common law tort claim for invasion of

privacy based on her allegation that the Defendants, including the Smithsonian's Inspector

General's Office, "unjustly pried into [Plaintiff's] romantic relationship with Mr. Yunger and

others." (Compl. ¶¶ 48). In Count V, Plaintiff asserts a claim for defamation in which she

contends that Defendants Roy and Hines are "individually liable for their personal conduct[,]"

pertaining to the alleged investigation into Plaintiff's personal affairs and the allegedly false and

defamatory statements they made about Plaintiff. (Compl. ¶¶ 53-57).

To the extent that Plaintiff alleges common law tort claims against the Smithsonian and

its employees,[3] her sole course of action is to pursue her claim pursuant to the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, et seq. The FTCA provides for the substitution

of the United States as the exclusive defendant whenever federal employees are sued for

common law tort claims arising out of actions taken within the scope of their federal

---

     [3]The Smithsonian Institution is a "federal agency" pursuant to the definitions applicable to the FTCA. Expeditions Unlimited Aquatic Enterprises v. Smithsonian Inst., 566 F.2d 289, 296 (D.C. Cir. 1977) (citing 28 U.S.C. § 2671); see 36 C.F.R. § 530.1 ("The Smithsonian Institution . . . falls within the purview of the Federal Tort Claims Act.").

employment.  Specifically, 28 U.S.C. § 2679(b)(1) states:

> The remedy against the United States provided by sections 1346(b)
> and 2672 of this title for injury or loss of property or personal injury
> or death arising or resulting from the negligent or wrongful act or omission
> of any employee of the Government while acting within the scope of his
> office or employment is exclusive of any other civil action or proceeding for
> money damages by reason of the same subject matter against the employee
> whose act or omission gave rise to the claim or against the estate of such
> employee.

Similarly, 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee
> was acting within the scope of his office or employment at the time of the
> incident out of which the claim arose, any civil action or proceeding
> commenced upon such claim in a United States district court shall be
> deemed an action against the United States under the provisions of this
> title and all references thereto, and the United States shall be substituted
> as the party defendant.

Accordingly, once the Attorney General or his designee certifies that an individually sued

federal defendant was acting within the scope of his employment, the United States must be

substituted as the exclusive defendant for all common law tort claims and, "if the plaintiff has

not brought suit pursuant to the FTCA, the suit converts to one against the United States under

the FTCA."  Greene v. Nguyen, No. Civ.A. 05-0407, 2005 WL 3275897, at *2 (D.D.C. Sept. 7,

2005); (citations omitted); see also 28 U.S.C. § 2679(d)(2).  Moreover, once substituted, all

provisions and exclusions of the FTCA apply as if the United States were sued in the first

instance.  28 U.S.C. § 2679(d)(4).

The Attorney General has delegated his authority to issue certifications to the various

United States Attorneys.  28 C.F.R. § 15.4.  On March 20, 2006, the United States Attorney for

the District of Columbia first redelegated that authority to Rudolph Contreras, Chief of the Civil

Division of the United States Attorney's Office for the District of Columbia.  Attached hereto as

11

Exhibit F is a certification by Mr. Contreras that the individual federal defendants were acting within the scope of their employment with the United States at the time of the incidents alleged in Plaintiff's complaint.[4]  Accordingly, the United States "shall" be substituted as the exclusive defendant in this case.  28 U.S.C. § 2679.

> **2.    This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Common Law Tort Claims.**

The United States is immune from suit except as it consents to be sued.  United States v. Mitchell, 463 U.S. 206, 212 (1983).  The terms of its consent define a court's jurisdiction to hear suits.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  "One exception to the FTCA's sovereign immunity waiver is the intentional-torts exception, which provides that the United States retains sovereign immunity for any 'claim[s] arising out of assault, battery, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" Green, 2005 WL 3275897, at *5 (quoting 28 U.S.C. § 2680(h)).  This "sweeping language" thus precludes claims that "sound in negligence but 'aris[e] out of' an intentional tort."  Id. (citations omitted).

Claims for defamation are excepted from the FTCA waiver of sovereign immunity, and thus Count V of Plaintiff's complaint must be dismissed.  See id. (dismissing defamation claim brought pursuant to the FTCA for lack of subject-matter jurisdiction); Benham v. Rice, No. Civ.A. 0301127, 2005 WL 691871, at *3 (D.D.C. Mar. 24, 2005) (HHK) ("The FTCA retains sovereign immunity for claims of defamation . . . .") (citations omitted).

---

[4]This certification "acts as the Government's proffer of a prima facie case that [the defendants were], in fact, acting within the scope of [their] employment." Koch v. United States, 209 F. Supp. 2d 89, 92 (D.D.C. 2002) (citations omitted).

12

In addition, Plaintiff's invasion of privacy claim in Count IV is also subject to dismissal. Pursuant to 28 U.S.C. § 2680(h), any claim arising out of a cause of action that is excepted by the FTCA's waiver of sovereign immunity is barred.  In this case, Plaintiff's invasion of privacy claim arises from the same nucleus of facts as her defamation claim, i.e., that Defendants Roy and Hines sought to place her in a "false light" and made "knowingly false and derogatory statements about [Plaintiff's] professional reputation in an effort to injure her reputation and character."  (Compl. ¶¶ 49, 55).  "Because the plaintiff's false light invasion of privacy claim arose out of the conduct on which the defamation claim is based . . . that claim is barred as well." Greene, 2005 WL 3275897, at *6.  Accordingly, because the FTCA does not waive sovereign immunity from the claims Plaintiff seeks to assert, dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1).

## IV.    CONCLUSION

For the reasons set forth above, Defendants request that Plaintiff's complaint be dismissed or, alternatively, that summary judgment be entered in Defendant's favor.  Plaintiff has failed to exhaust her administrative remedies by timely contacting an EEO counselor within 45 days of the time at which she knew that she allegedly suffered discrimination.  Her failure to do so precludes her action in this Court.  Furthermore, as it relates to Plaintiff's claims for invasion of privacy and defamation, the United States should be substituted as the sole defendant in this action and dismissal is warranted because the Court lacks subject matter jurisdiction over these claims.

Dated: January 26, 2007

                                                    Respectfully submitted,

                                                      /s/ Jeffrey A. Taylor
                                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                                              United States Attorney

                                                      /s/ Rudolph Contreras
                                              RUDOLPH CONTRERAS, D.C. BAR #  434122
                                              Assistant United States Attorney

                                                 /s/ Michelle N. Johnson
                                              MICHELLE N. JOHNSON, D.C. BAR # 491910
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              Civil Division
                                              555 4th Street, N.W. – Room E4212
                                              Washington, D.C. 20530
                                              (202) 514-7139

                                              COUNSEL FOR DEFENDANT

Of Counsel:

Christine Nicholson
Associate General Counsel
Office of the General Counsel
Smithsonian Institution Building – Room 302
1000 Jefferson Drive, SW MRC-012
P.O. Box 23286
Washington, DC 20026

<div align="center">14</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DORATHA KLUGEL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.: 06-1886 (HHK)** |
| ) | |
| **LAWRENCE M. SMALL, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

### <u>ORDER</u>

This matter having come before this Court on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, and Defendants' Motion to Substitute the United States as the Sole Defendant in Counts IV and V, it is hereby

**ORDERED** that Defendants' motion is **GRANTED**. It is further

**ORDERED** that the United States is substituted as the proper defendant as it relates to Counts IV and V. It is further

**ORDERED** that Plaintiff's complaint is dismissed in its entirety with prejudice.

**SO ORDERED** this _____ day of _____, 2007.


_____
HENRY H. KENNEDY
United States District Court Judge

# EXHIBIT A

**MEMORANDUM**

**DATE:**      May 15, 2006

**TO:**        Director, Office of Equal Employment and Minority Affairs

**FROM:**      EEO Counselor - Shadella Davis

**SUBJECT:**   EEO Counseling Report - Doratha Klugel


1. Name, Series, Grade, Job Title, and Office Number of Person Counseled:
Doratha Klugel, Education Specialist, IS-1701-9, (202) 544-3342

2. Organization Designation and Location:
Smithsonian Environmental Research Center (SERC)
647 Contees Wharf Road
Edgewater, Maryland 21037

3. Date of First Contact: September 23, 2005
3A. Date Form Received: October 12, 2005

4. Date of Initial Interview: November 1, 2005

5. Bases of Alleged Discrimination: Sex (female), Disability (anxiety and perceived), Reprisal and Sexual Harassment

6. Date of Alleged Discrimination: December 2004 - May 12, 2005

7. Claim:

Whether Ms. Klugel was subjected to sexual harassment and/or discrimination which created a hostile work environment during the period of December 2004 through May 12, 2005.

8. Corrective Action Requested by Person Counseled:

Ms. Klugel request the restoration of all leave, including the leave she was improperly instructed to use, restoration of the value of all benefits associated with and/or arising from her position which were terminated pursuant to her wrongful separation of employment from the Smithsonian Institution, compensation for reputation damages to the amount permitted by law, injunctive relief, including, but not limited to, back-pay, the equitable remedy of reinstatement or 'front-pay', in lieu of reinstatement if it is determined that reinstatement is not feasible under the circumstances, and all other damages available under the law or equity.

9. Name and Job Title of Officials Involved:
Marc Haddon, Director of Education, SERC

10. Summary of Interviews:

<u>Sexual Harassment</u>

Ms. Klugel alleges that she was sexually harassed in December 2004. She stated that she was
the subject of an investigation by the Smithsonian's Office of Inspector General (OIG) based on
false claims of misusing official travel to have liaisons with her then boyfriend, Mr. Yunger.
Ms. Klugel stated that Special Agent Jerry Roy questioned her about (1) her travel arrangements
with Mr. Yunger, (2) her sexual behavior with Mr. Yunger and others, and (3) the number of
sexual encounters she has had. In addition, she stated that Special Agent Roy asked her "How
many boyfriends do you have?", and said "she was a hard nut to crack." She also stated that
Special Agent Roy made inappropriate and unreasonable inquires into her personal life and her
relationship with Mr. Yunger.

Mr. Haddon stated that the Office of Inspector General conducted an investigation concerning a
business trip to Hawaii. He stated that he approved official travel for Ms. Klugel and another
member of his staff, and he was aware that they had invited their significant other to join them at
no cost to the Smithsonian. Mr. Haddon stated that the investigation was closed after he and the
staff members were interviewed. Furthermore, he stated that Ms. Klugel did not share with him
her belief that she was sexually harassed.

<u>Assignments</u>

Ms. Klugel alleges that she was discriminated against when, in March 2005, her duties related to
the electronic field trips and writing grants were reduced in retaliation for her hesitancy to
answer unreasonable questions about her personal life. She also stated that, on April 12, 2005,
her job assignments were significantly reduced, and assigned to a male co-worker.

Mr. Haddon stated that Ms. Klugel's duties were reduced. He stated that, in March 2005, he met
with Ms. Klugel to discuss his concerns regarding (1) her lack of responding to internal and
external customers, (2) incomplete assignments, (3) a conflict with a male co-worker, and (4)
arguments with the travel office. He stated that Ms. Klugel was advised to concentrate on the
video conference; he did not restrict her from writing grants.

<u>Denial of Leave</u>

Ms. Klugel alleges that she was discriminated against when, on April 12, 2005, Mr. Haddon told
her that she could not request any more leave.

Mr. Haddon stated that, in April 2005, Ms. Klugel gave him two days notice that she wanted to
take approximately six days of leave. He stated that her request was denied because he needed
her to work on the video conference; however, he continued to grant Ms. Klugel leave to attend
physical therapy.

Progress Report

Ms. Klugel stated that, on May 2, 2005, she was placed on a "Progress Review" despite no documented performance deficiencies. She stated that faced with a pervasive, hostile working environment and faced with further insults to her character, mental impairments or speculation thereon, and her relationship with Mr. Yunger, she resigned under threat of further retaliation and termination. Ms. Klugel stated that her last day of employment was May 12, 2005.

Mr. Haddon stated, on May 2, 2005, he met with Ms. Klugel to discuss the update of the video conference "write-up." He stated that he was concerned with the progress of the project because she had not shown him any of her work. He stated that, when he asked about the status of the project, Ms. Klugel told him that "she was doing fine" but did not provide any specific information. Furthermore, he stated that Ms. Klugel's position was funded by a five-year grant, and he advised her that her last day would be August 5, 2005, because there was no more money in the grant to pay her.


11. Management Response to Corrective Action Requested: Management declined to grant the requested remedy.

12. Date of Notice of Right to File: May 15, 2006 (reissued)

13. Date of Final Interview: May 15, 2006

14. Date of Report: May 15, 2006

15. Documents Reviewed:
See #17

16. Persons Interviewed:
Marc Haddon, Director of Education, SERC

17. Listing of Attachments:
Notice of Final Interview, dated May 15, 2006
Employees' EEO Rights and Responsibilities, dated November 1, 2005
Letter from Ms. Klugel's attorney, dated November 1. 2005
Letter from Ms. Klugel's attorney, dated October 26, 2005
Request for Counseling with attachments, dated October 11, 2005
Faxed Request for Counseling Form, dated September 28, 2005
Letter from Ms. Klugel's attorney, dated September 23, 2005

_____
Signature of EEO Counselor

# EXHIBIT B

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Office of the Inspector General Smithsonian Institution 750 9th Street, NW Suite 4200, MRC 905 Washington, DC 20560 | Mr. Kevin Byrnes, Esq. WADE & BYRNES P.C. 616 North Washington Street Alexandria, Virginia 22314 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 10-30-70 | S | May 13, 2005 | |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Exhibit A attached hereto.

**9.**          PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10.**          PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Exhibit A attached hereto.

**11.**          WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Amy Erb Anna Vander Heidjen Diane Wilkinson Philip Yunger | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | 300,000.00 | | 300,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Dorotha C. Rigel* | 202 544 3342 | 7-28-05 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 Previous editions not usable. | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) (EG) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically reparable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the

Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. | ☐ No |
|---|---|---|

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

| 19. Do you carry public liability and property damage insurance? | ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* | ☐ No |
|---|---|---|

**SF 95 (Rev. 7-85) BACK**

## EXHIBIT A

1.    The Federal Tort Claims Act, which waives sovereign immunity for tort actions against the federal government, applies to the Smithsonian Institution . See, Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst., 566 F.2d 289, 296-97 (D.C. Cir. 1977).

2.    The Smithsonian Institution, as a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred 28 U.S.C. 1346(b).

3.    Ms. Dorathe "Dottie" Klugel (hereinafter "Ms. Klugel") is an resident of the state of Maryland and a former employee of the Smithsonian Institution. All the acts and omissions which give rise to her complaint herein occurred in the District of Columbia.

4.    Ms. Klugel's claim lies in the basic legal foundation recognized in District of Columbia for privacy protection against the tort of intrusion. The Restatement, Second of Torts § 652A provides that "one who invades the right to privacy of another is subject to liability for the resulting harm to the interests of the other. The right to privacy is invaded by the unreasonable intrusion upon the seclusion of another[.]" The Restatement position justifies a claim here because the acts and omissions of the Smithsonian Institution were a patent "unreasonable intrusion" of Mr. Klugel's privacy interests.

5.    Privacy rights listed in the Restatement include: an unreasonable intrusion upon the seclusion of another and unreasonable publicity given to the other's private life. § 652A (1977).

6.    Ms. Klugel's case concerns infringements of her right to seclusion and to be free from unreasonable intrusion by another.

6.   (7.)    Courts acknowledged jurisdiction for the tort of intrusion under the FTCA. Birnbaum v. U.S. 588 F.2d 319 (2nd Cir. 1978).

6.5  (6.)    The Smithsonian Institution, in coordination with the Smithsonian Institution's Inspector General's Office (hereinafter "IG Office"), undertook a campaign of harassment and unreasonable intrusion upon Ms. Klugel's seclusion by prying unjustly into her romantic relationship with her then boyfriend, and now fiancé, Mr. Philip Yunger (hereinafter "Mr. Yunger").

(7.)    The acts of unreasonable intrusion include, but are not limited to, threats of termination for continuing a romantic relationship with her fiancé, unreasonable questions about her relationship with Mr. Yunger, questions regarding her sexual behavior with Mr. Yunger and others, and questions about the number of sexual encounters she has had.  These questions were done with the intent to cause Ms. Klugel to separate herself from employment and to unduly embarrass her and intimidate her.

7.5  (7.)    In December 2004, Ms. Klugel was subject to an investigation by the Smithsonian's Inspector General's office based on false claims of misusing official travel to have liaisons with her boyfriend, now fiancé, Mr. Yunger.

8.      On December 14, 2004, a Special Agent of the IG Office questioned Ms. Klugel on her travel arrangements with Mr. Yunger, and asked her how many boyfriends does she have.  The Agency thereafter continued to make inappropriate and unreasonable inquiries into Ms. Klugel's personal life and her relationship with Mr. Yunger.

9.      During December 2004, Special Agent Jerry Roy continued to harass Ms. Klugel about her boyfriend.

10. On January 20, 2005, Ms. Klugel was questioned regarding previously submitted medical leave associated with an automobile accident. Ms. Klugel was again required to present evidence of her personal medical condition based upon an unreasonable inquiry.

11. In March of 2005, Ms. Klugel had her duties reduced in retaliation for her hesitancy to answer unreasonable questions about her personal life.

12. On April 12, 2005, the Administrative Officer of SERC directed Ms. Klugel to a mandatory EAP based upon a claim that she is suffering from stress and anxiety. When Ms. Klugel requested to have her attorney present to protect her federal rights and privacy interests, she is threatened again with adverse action. The referral for an EAP was unwarranted and based on an improper and unfounded belief that Ms. Klugel suffers from a mental impairment, a rumor which was circulated by Smithsonian personnel and management as a means to place Ms. Klugel in a false light.

13. On April 12, 2005, as retaliation for invoking her Sixth Amendment right to an attorney, Ms. Klugel's job assignments were significantly reduced, and assigned to a male co-worker.

14. On May 2, 2005, the Smithsonian Institution placed Ms. Klugel on a "progress report" despite no documented performance deficiencies. Faced with a pervasive, hostile working environment, and faced with further tortious attacks to her character, mental impairments or speculation thereon, and her romantic relationship with her fiancé, Ms. Klugel resigned under threat of further retaliation and termination.

# EXHIBIT C

# Smithsonian Institution

Office of General Counsel

<u>via certified mail, return receipt requested</u>

October 12, 2005

Doratha Klugel
c/o Kevin Byrnes, Esquire
Wade & Byrnes, PC
616 North Washington Street
Alexandria, VA 22314

> RE:    **Your administrative claim pursuant to the Federal Tort Claim Act**
> **filed with the Smithsonian Institution**

Dear Ms. Klugel:

On July 28, 2005, you filed with the Smithsonian Institution a Standard Form 95, *Claim for Damages, Injury or Death,* in the amount of $300,000 in compensation for an alleged violation of privacy. Your claim has been processed by the Smithsonian Institution in accordance with the provisions of the Federal Tort Clams Act, 28 U.S.C. § 1346(b) and §§ 2671-2680. Pursuant to the Act, a claim for money damages against the United States may be allowed

> . . . for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred.

Consistent with the above authority, your claim has been investigated and a report provided to me. Upon reviewing the documents you provided and the investigative report, I cannot approve your claim. It does not provide sufficient facts or supporting documentation to establish an invas on of privacy or explain how you arrived at the amount sought for compensation.

Office of General Counsel
Smithsonian Institution Building, Suite 302
P.O. Box 23286
Washington, D.C. 20026-3286
202 357 2583 (Telephone)
202 357 4310 (Fax)

If you believe this decision to be in error, then pursuant to 28 U.S.C. §2672 and 28 C.F.R. §14.9, you have six months from the date of this letter to file a written request for reconsideration or to file suit in a court of appropriate jurisdiction.

Sincerely,

John E. Huerta
General Counsel

Office of General Counsel
Smithsonian Institution Building, Suite 302
P.O. Box 23286
Washington, D.C.  20026-3286
202 357 2583 (Telephone)                           – 2 –
202 357 4310 (Fax)

# EXHIBIT D

LAW OFFICES

# WADE & BYRNES P.C.

616 NORTH WASHINGTON STREET
ALEXANDRIA, VIRGINIA 22314-1991
Phone: (703) 836-9030
Fax: (703) 683-1543
Web-site: www.WadeandByrnes.com

Gregory M. Wade (VA, DC, MD)                         E-Mail: gwade@wblawpc.com
Kevin Byrnes (VA, DC)                                E-Mail: kbyrnes@wblawpc.com
Matthew T. Sutter (VA)                               E-Mail: msutter@wblawpc.com

April 12, 2006

**By Mail and by Facsimile: (202) 357-4310**
John E. Huerta, Esq.
General Counsel
Office of General Counsel
Smithsonian Institution Building, Suite 302
PO Box 23286
Washington, DC  20026-3286

RE    Written Request for Reconsideration of administrative claim pursuant to
the Federal Tort Claim Act filed with the Smithsonian Institution.
(Dorotha Klugel)

Dear Mr. Huerta:

Pursuant to your letter of October 20, 2005, enclosed please find Ms. Klugel's
written request for reconsideration.

Sincerely,

Kevin Byrnes

RECEIVED
SMITHSONIAN INSTITUTION
OFFICE OF GENERAL COUNSEL
'06 APR 18 P3:07

## REQUEST FOR RECONSIDERATION

1.      On October 20, 2005, the Smithsonian Institution Office of General Counsel rejected the FTCA claim. See Exhibit A. Pursuant to the investigation conducted by the Office of General Counsel, the Agency concluded that the Complainant had produced insufficient facts and/or supporting documentation in support of her claim

2.      The investigative report has not been provided to the Complainant and the Complainant's claim for personal injury against the Agency rests upon documents which are in the sole custody of the Agency and the Inspector General's Office. Moreover, the facts which support the claims of Ms. Klugel require an evidentiary hearing and the taking of testimony, which has not been made available to the Complainant.

3.      Complainant hereby files this written request for reconsideration pursuant to the instructions of the Office of General Counsel and pursuant to 28 USC § 672 and 28 CFR § 14.9

4.      The Federal Tort Claims Act, which waives sovereign immunity for tort actions against the federal government, applies to the Smithsonian Institution . See, Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst., 566 F.2d 289, 296-97 (D.C. Cir. 1977).

5.      The Smithsonian Institution, as a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred 28 U.S.C. 1346(b).

6.      Ms. Doratha "Dottie" Klugel (hereinafter "Ms. Klugel") is a resident of the state of Maryland and a former employee of the Smithsonian Institution. All the acts and omissions which give rise to her complaint herein occurred in the District of Columbia.

7.      Ms. Klugel's claim lies in the basic legal foundation recognized in District of Columbia for privacy protection against the tort of intrusion. The Restatement, Second of Torts § 652A provides that "one who invades the right to privacy of another is subject to liability for the

WADE & BYRNES P.C.
NORTH WASHINGTON STREET
XANDRIA, VIRGINIA 22314-1991
(703) 836-9030
Fax # (703) 683-1543

1

resulting harm to the interests of the other. The right to privacy is invaded by the unreasonable intrusion upon the seclusion of another[.]" The Restatement position justifies a claim here because the acts and omissions of the Smithsonian Institution were a patent "unreasonable intrusion" of Ms. Klugel's privacy interests.

8.    Privacy rights listed in the Restatement include: an unreasonable intrusion upon the seclusion of another and unreasonable publicity given to the other's private life. 3 Restatement (Second) of Torts § 652A (1977).

9.    Ms. Klugel's case concerns infringements of her right to seclusion and to be free from unreasonable intrusion by another.

10.    Courts acknowledged jurisdiction for the tort of intrusion under the FTCA. <u>Birnbaum v. U.S.</u> 588 F.2d 319 (2nd Cir. 1978).

11.    Unreasonable intrusion is based upon privacy rights which may be violated by tort. The manifold nature of what is loosely termed "the right to privacy" is well established. Both Dean W. Prosser, The Law of Torts, s 117 (4th ed. 1971), and the advisers of 3 Restatement (Second) of Torts § 652A (1977), agree that the right to privacy comprehends four distinct rights, "which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff 'to be let alone.' " Prosser at 804.

12.    The four privacy rights listed in the Restatement are:

   a) unreasonable intrusion upon the seclusion of another .... or
   b) appropriation of the other's name or likeness .... or
   c) unreasonable publicity given to the other's private life . . . or
   d) publicity that unreasonably places the other in a false light before the public. . . . § 652A (1977).

13.     This case concerns the tortious infringement upon a single right: the right to seclusion which is the right to be free from <u>unreasonable</u> intrusion by another.

14.     The Smithsonian Institution, in coordination with the Smithsonian Institution's Inspector General's Office (hereinafter "IG Office"), undertook a campaign of harassment and unreasonable intrusion upon Ms. Klugel's seclusion by prying unjustly into her romantic relationship with her then boyfriend, and now fiancé, Mr. Philip Yunger (hereinafter "Mr. Yunger").

15.     The acts of unreasonable intrusion include, but are not limited to, threats of termination for continuing a romantic relationship with her fiancé, unreasonable questions about her relationship with Mr. Yunger, questions regarding her sexual behavior with Mr. Yunger and others, and questions about the number of sexual encounters she has had.  These questions were done with the intent to cause Ms. Klugel to separate herself from employment and to unduly embarrass her and intimidate her.

16.     In December 2004, Ms. Klugel was subject to an investigation by the Smithsonian's IG's office based on false claims of misusing official travel to have liaisons with her boyfriend, now fiancé, Mr. Yunger.

17.     On December 14, 2004, a Special Agent of the IG Office questioned Ms. Klugel on her travel arrangements with Mr. Yunger, and asked her how many boyfriends does she have.  The Agency thereafter continued to make inappropriate and unreasonable inquiries into Ms. Klugel's personal life and her relationship with Mr. Yunger.

18.     During December 2004, Special Agent Jerry Roy continued to harass Ms. Klugel about her boyfriend.

WADE & BYRNES P.C.
NORTH WASHINGTON STREET
XANDRIA, VIRGINIA 22314-1991
(703) 836-9080
Fax # (703) 683-1543

3

19.     On January 20, 2005, Ms. Klugel was questioned regarding previously submitted medical leave associated with an automobile accident. Ms. Klugel was again required to present evidence of her personal medical condition based upon an unreasonable inquiry.

20.     In March of 2005, Ms. Klugel had her duties reduced in retaliation for her hesitancy to answer unreasonable questions about her personal life.

21.     On April 12, 2005, the Administrative Officer of SERC directed Ms. Klugel to a mandatory EAP based upon a claim that she is suffering from stress and anxiety. When Ms. Klugel requested to have her attorney present to protect her federal rights and privacy interests, she was threatened again with adverse action. The referral for an EAP was unwarranted and based on an improper and unfounded belief that Ms. Klugel suffers from a mental impairment, a rumor which was circulated by Smithsonian personnel and management as a means to place Ms. Klugel in a false light.

22.     On April 12, 2005, as retaliation for invoking her Sixth Amendment right to an attorney, Ms. Klugel's job assignments were significantly reduced, and assigned to a male co-worker.

23.     On May 2, 2005, the Smithsonian Institution placed Ms. Klugel on a "progress report" despite no documented performance deficiencies. Faced with a pervasive, hostile working environment, and faced with further tortious attacks to her character, mental impairments or speculation thereon, and her romantic relationship with her fiancé, Ms. Klugel resigned under threat of further retaliation and termination.

<div style="text-align:right">

Respectfully submitted,
Dorathea Klugel
By Counsel

</div>

WADE & BYRNES P.C.
NORTH WASHINGTON STREET
XANDRIA, VIRGINIA 22314-1971
(703) 836-9030
Fax # (703) 683-1543

4

WADE & BYRNES, P.C.

Kevin Byrnes, Esq.
616 North Washington Street
Alexandria, Virginia 22314
(703) 836-9030
(703) 683-1543 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 2th day of April 2006, a true copy of the foregoing was mailed and faxed to John E. Huerta, General Counsel of the Office of General Counsel, Smithsonian Institution Building, Suite 302, PO Box 23286, Washington, DC 20026-3286; (202) 357-4310.

Counsel

# EXHIBIT E

 Smithsonian Institution

Office of General Counsel

<u>Sent certified mail, return receipt requested</u>

May 5, 2006

Kevin Byrnes, Esquire
Wade & Byrnes, PC
616 North Washington Street
Alexandria, VA 22314-1991

      Re:    Your client, Doratha Klugel, Request for Reconsideration

Dear Mr. Byrnes:

On April 12, 2006 you file a request, on behalf of your client, for reconsideration of Doratha Klugel's administrative claim filed on July 28, 2005 and denied on October 12, 2006. Your client seeks $300,000 in damages for an alleged violation of her privacy by unreasonable intrusion upon her seclusion.

Your request for reconsideration has been processed by the Institution in accordance with the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671-2680. Pursuant to the Act, a claim for money damages against the United States may be allowed only

. . . . for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable. . . in accordance with the law of the place where the act or omission occurred.

Consistent with the above authority, your claim has again been reviewed and a second report has been provided to me. Upon reviewing all the reports and reconsidering your client's claim, I have denied the claim.  In reaching this decision, I note you and your client provided no additional facts or legal authority to support the claim or the amount of damages.

If you believe this decision to be in error, then pursuant to 28 U.S.C. §2672 and 28 C.F.R. §14.9, you have six months from the date of this letter to file a lawsuit in a court of appropriate jurisdiction.

Sincerely,

John E. Huerta
General Counsel

Smithsonian Institution Building  Room 302
P.O. Box 23286
Washington  DC 20026-3286
202.357.2583  Telephone
202.357.4310  Fax

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DORATHA KLUGEL,                )
                               )
            Plaintiff,         )
                               )
      v.                       )      Civil Action No.: 06-1886 (HHK)
                               )
LAWRENCE M. SMALL, et al.,     )
                               )
            Defendants.        )
                               )

## WESTFALL CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney

for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by

virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first

redelegated to me on March 20, 2006, hereby certify that I have read the complaint in Doratha

Klugel v. Small, et al., pending in the United States District Court for the District of Columbia,

Civil Action No. 06-1886 (HHK), and that on the basis of the information now available to me

with respect to the incidents alleged therein, I find that defendants Gerald Roy and Tuck Hines

were acting within the scope of their employment as employees of the United States at the time

of the alleged incidents.

January 26, 2007

                               /s/ Rudolph Contreras
                               RUDOLPH CONTRERAS, D.C. BAR # 434122
                               Assistant United States Attorney
                               Chief, Civil Division