**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **DORATHA KLUGEL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 06-1886 (HHK)** |
| | ) | |
| **LAWRENCE M. SMALL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND MOTION TO SUBSTITUTE THE UNITED STATES AS THE SOLE DEFENDANT IN COUNTS IV AND V

Defendants, Lawrence M. Small, Gerald Roy, and Tuck Hines, respectfully submit their reply memorandum in further support of their motion dismiss this lawsuit brought pursuant to Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and District of Columbia common law. Alternatively, Defendants seek summary judgment pursuant to Federal Rule of Civil Procedure 56 because there are no material facts in dispute and Defendants are entitled to judgment as a matter of law.

Plaintiff's opposition to defendants' motion fails to demonstrate that this Court should entertain her claims. Rather, Plaintiff's arguments in support of her Title VII, Rehabilitation Act, and tort claims fail, in many respects, to even address defendants' arguments. In any event, none of the reasons set forth in plaintiff's opposition warrants this Court deferring its dismissal of this action.[1]

---

[1]Plaintiff contends that dismissal is not warranted at this time because Defendants have not yet disputed the allegations contained in Plaintiff's complaint. Plaintiff's Memorandum of

<u>ARGUMENT</u>

I.     **PLAINTIFF HAS FAILED TO ADEQUATELY SUPPORT HER CLAIM THAT DISCOVERY IS NEEDED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(f).**

Plaintiff contends that this Court should not grant summary judgment at this time and contends that discovery is needed "on her allegations pursuant to Fed. R. Civ. Proc., Rule 56(f)." Pl.'s Opp'n at 3-4.  However, plaintiff has failed to comply with the requirements of Rule 56(f) that would enable the Court to grant plaintiff discovery prior to resolving defendants' motion to dismiss, or alternatively, for summary judgment.  Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavits facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphasis added).   Plaintiff has failed to justify her request for this relief. Rather, she has made an unsupported assertion that a continuance is needed "to conduct discovery on her allegations . . . ."  Pl.'s Opp'n at 3.  Plaintiff has not set forth in an affidavit,

---

Points and Authorities in Opposition to Motion to Dismiss or, in the Alternative, for Summary Judgment ("Pl.'s Opp'n"), at 2, 3.  According to plaintiff, because defendants have not yet answered the allegations contained in the complaint, those allegations are deemed to be true.  <u>Id.</u> at 2 (citing Fed. R. Civ. P. 8(d)).  Plaintiff's argument is legally inaccurate.  Federal Rule of Civil Procedure 8(d) provides that failure to specifically deny an averment to which a responsive pleading is required is deemed admitted "when not denied in the responsive pleading."  Fed. R. Civ. P. 8(d).  However, a motion seeking dismissal, or alternatively, summary judgment, is not typically considered a responsive pleading.  <u>See, e.g.</u>, <u>Bowden v. United States</u>, 176 F.3d 552, 555 (D.C. Cir. 1999) (holding that a motion to dismiss, or alternatively for summary judgment, is not considered a responsive pleading for purposes of requests to amend made pursuant to Fed. R. Civ. P. 15).

2

from either herself or her attorney, the basis for her request for discovery, or even the particular matters on which discovery would be warranted.  Instead, she has referred generally to needing discovery on her "allegations."  Thus, she has failed to substantiate her unsupported request for additional discovery.  See Byrd v. United States Environmental Protection Agency, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (holding that district court did not abuse its discretion in granting defendant's motion for summary judgment without first affording opposing party discovery because the opposing party failed to "show what facts he intended to discover that would create a triable issue and why he could not produce them in opposition to the motion.") (citations omitted); Carpenter v. Federal Nat. Mortgage Ass'n, 174 F.3d 231, 237-38 (D.C. Cir. 1999) (holding that district court did not abuse its discretion in denying plaintiff's request for discovery prior to adjudication of defendant's motion for summary judgment where facts plaintiff pointed to did not demonstrate that defendant was not entitled to summary judgment).

        Furthermore, in this case, it is apparent that plaintiff has not been prejudiced by the lack of discovery in responding to defendants' motion for summary judgment.  Rather, plaintiff has submitted a lengthy opposition and has attached numerous exhibits in support of her claims. Because plaintiff has not been disadvantaged in any way in responding to defendants' motion, discovery is not warranted and this Court should adjudicate defendants' motion for summary judgment at this time.[2]

---

        [2]Notably, as it concerns Counts I-III, plaintiff would be an equivalent position to support her claims that she timely initiated the EEO process, which in fact she argues in opposing defendants' motion.  Pl.'s Opp'n at 9.

## II.     PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL CIVIL RULES 7(h) and 56.1.

Ironically, despite her false assertion that defendants failed to comply with Local Civil Rule 7(h),[3] Plaintiff has failed to properly conform to this rule.  Local Civil Rule 7(h) provides that an opposition to a motion for summary judgment "shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated . . . ."  LCvR 7(h).  Furthermore, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, <u>unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.</u>"  <u>Id.</u>

In her opposition to defendants' motion, plaintiff has set forth her own set of material facts not in dispute.  However, this statement of facts does not dispute any of the facts set forth in defendants' statement of material facts not in dispute.  Accordingly, pursuant to local civil rule 7(h), the court may assume the facts set forth in defendants' statement of material facts not in dispute as admitted.  <u>Greenberg v. Food & Drug. Admin.</u>, 803 F.2d 1213, 1225 (D.C. Cir. 1986) ("Failure to file a proper . . . statement in opposing a motion for summary judgment may be fatal to the delinquent party's position.") (citations omitted).

## III.     DISMISSAL OF COUNTS I, II, AND III IS WARRANTED BECAUSE PLAINTIFF FAILED TO TIMELY CONTACT AN EEO COUNSELOR.

Plaintiff does not dispute that she was required to exhaust her claims brought pursuant to

---

[3]Indeed, plaintiff's assertion that defendants have not produced a statement of undisputed facts is truly puzzling as defendants' statement of material facts not in dispute is clearly attached to its motion to dismiss, or in the alternative, for summary judgment.  Thus, it was not possible for plaintiff to have viewed defendants' motion without viewing defendants' statement of material facts not in dispute.

Title VII and the Rehabilitation Act by presenting her claims to an EEO counselor within 45 days of the alleged discriminatory event. Pl.'s Opp'n at 5. However, in light of her failure to make timely contact with an EEO counselor, plaintiff attempts to set forth a series of excuses, which she contends justifies her noncompliance. However, none of the arguments put forth by plaintiff warrants this Court excusing her failure to exhaust her administrative remedies and, as argued in defendants' motion to dismiss, or in the alternative, for summary judgment, plaintiff's failure to contact an EEO counselor within 45 days of the events alleged to be discriminatory warrants dismissal of counts I, II and III.

### A.    The Agency is Not Estopped from Asserting An Untimeliness Defense.

Plaintiff contends that the Smithsonian "is estopped from relying upon a claim of timeliness by its own misconduct, by its repeated failure to provide reasonable access or notice to the Plaintiff about the federal sector procedures the Agency itself did not comply with." Pl.'s Opp'n at 16. However, aside from making broad, unsupported allegations of Agency "misconduct," Plaintiff has offered no evidence that she was thwarted in her attempts to initiate EEO counseling. Plaintiff contends that the Agency's failure to respond to her April 18, 2005 letter, also estops the Agency from raising an untimeliness argument. Plaintiff once again is wrong.

"Equitable estoppel . . . prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time[.]" See Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363, 1367 (D.C. Cir. 1998) (citations omitted) (emphasis in original). "Courts, including the D.C. Circuit, have emphasized that the defendant must engage in affirmative misconduct in order for equitable estoppel to apply." Moore v.

5

Chertoff, 424 F. Supp. 2d 145, 150 (D.D.C. 2006) (citations omitted); see also Cristwell v. Veneman, 224 F. Supp. 2d 54, 60 (D.D.C. 2002) ("For a plaintiff to successfully assert equitable estoppel, when it is alleged that an untimely filing was the result of conduct by the defendant, the plaintiff must be able to point to some type of 'affirmative misconduct' or misleading information regarding the filing deadline by the defendant) (citation omitted).

Plaintiff cannot identify any "affirmative misconduct" by the Agency that "actively misled" her about her rights. The Agency's non-responsiveness to plaintiff's April 18, 2005 letter, assuming it could be read as a request for EEO counseling, could not have affirmatively misled plaintiff because no representations were made to her about the EEO process that could have resulted in her believing the process had been initiated.[4] While plaintiff's affidavit makes reference to "attempts" she made "to obtain guidance on where to file a complaint" Pl.'s Opp'n, Ex. 1, ¶ 20, significantly, she does not state whether that any Smithsonian employees made any affirmative misrepresentations to her. Plaintiff states because she was "not referred to another Agency or section of the Smithsonian . . ." she was "left to believe that the Smithsonian was not covered by the federal processing requirements as they pertain to antidiscrimination complaints." Id. However, merely because plaintiff reached that conclusion does not translate into a finding that there was affirmative misconduct on the part of the Agency that would warrant application of equitable estoppel, and therefore, plaintiff's argument on this issue must be rejected. See,

_____

[4]Plaintiff makes extended arguments that the Agency's EEO office engaged in "misconduct" and "improper advocacy." Pl.'s Opp'n at 18-21. However, the only concrete examples of this alleged misconduct appear to consist of the Agency's failure to respond to plaintiff's April 18, 2005 letter. See id. at 17, 18, 20. However, as discussed above, the Agency's alleged failure to respond to plaintiff's April 18th letter did not constitute affirmative misconduct that misled plaintiff in any way about her rights. Furthermore, as discussed, infra, the April 18th letter in no way initiated the EEO counseling process.

e.g., Dillard v. Runyon, 928 F. Supp. 1316, 1327 (S.D.N.Y. 1996), aff'd 108 F.3d 1369 (2d Cir.

1997) (holding that supervisor's "failure to advise plaintiff to contact the EEO . . . [did] not

constitute affirmative misconduct[,]" justifying equitable remedies).  See also Moore, 424 F.

Supp. at 150 (holding that equitable estoppel would not apply to bar a defendant from raising a

timeliness defense where plaintiffs did "not allege any affirmative misconduct by the defendant

that plaintiffs relied upon or prevented or discouraged plaintiffs from bringing their claims.");

Cristwell, 224 F. Supp. 2d at 60 (holding that equitable estoppel was inapplicable where the

plaintiff "failed to specify any 'affirmative misconduct' that caused him to be 'induced or tricked

by his adversary's misconduct into allowing the filing deadline to pass.'") (citations omitted).

          In addition, it should not be overlooked that plaintiff is, and was during the relevant time

frame, represented by an attorney.  This is not a case concerning an employee who was unaware

of her rights.  Rather, plaintiff had an attorney who, as demonstrated by the April 18, 2005 letter,

was actively involved in "all matters pertaining to [plaintiff's] employment."  Pl.'s Opp'n, Ex. 2.

Thus, equitable estoppel is particularly not justified in this case.  Cf. Hertzberg v. Veneman, 273

F. Supp. 2d 67, 83 (D.D.C. 2003) (holding that equitable estoppel would not apply where

attorney claimed that government employees made representations to him that hurt his and his

clients' interests and noting that plaintiff was "a partner in a large law firm with sufficient

resources to conduct an independent investigation at any time and to enforce plaintiffs' and his

clients' asserted rights under FOIA or the Federal Tort Claims Act, as indeed plaintiff has

done.").

**B.     The Agency's EEO Counseling Memorandum is Not Inadmissible Hearsay.**

Plaintiff contends that the Court cannot refer to exhibit A of defendants' motion for summary judgment because it is "unreliable and inadmissible." Pl.'s Opp'n at 8 (citing Fed. R. Evid. Rules 801 and 802). She contends that this document is "hearsay" and cannot be relied upon for the truth of the matter it asserts. Id. at 9. Plaintiff is once again mistaken.

Exhibit A of defendants' motion is the EEO Counseling report concerning plaintiff's allegations of discrimination. Def.'s Mem., Ex. A. This counseling report clearly indicates that plaintiff's first date of contact with the EEO counselor occurred on September 23, 2005. Id. This document is properly before the Court on summary judgment because the EEO counselor's report is admissible as a record of regularly conducted business. See Fed. R. Evid. 803(6). Pursuant to the "records of regularly conducted activity" exception to the hearsay rule, the Court may consider "[a] memorandum [or] report . . . in any form, of acts, events . . . made at or near the time . . . by[ ] a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum [or] report . . . ." Fed. R. Evid. 803(6); see also Moore v. Principi, No. Civ.A. 00-2975, 2002 WL 31767802, at *5 (N.D. Ill. Dec. 10, 2002) (holding that EEO counselor report was not hearsay and was admissible pursuant to Fed. R. Civ. P. 803(6)). The EEO counselor's report falls within this exception.

However, to the extent that the Court deems the EEO Counselor's report as inadmissible, defendants have submitted as an exhibit to this reply memorandum the United States Equal Employment Opportunity Commission's decision. See Exhibit 1. The EEOC decision is admissible pursuant to Fed. R. Evid. 803(8) as a public record/report, and it clearly indicates that

plaintiff's initial date of contact with the EEO counselor took place on September 23, 2005.  See

Exhibit 1, at 2; see Cortes v. Maux Exploration Co., 977 F.2d 195, 201 (5th Cir. 1992) ("Under

Rule 803(8)(C) investigative reports made by government agencies are removed from the rule

against hearsay unless circumstances indicate untrustworthiness.") (citation omitted).  See also

Cruz v. Aramark Services, Inc., No. Civ.A. 06-50035, 2007 WL 98358, at *2 (5th Cir. Jan. 11,

2007) (noting that "[t]he business records hearsay exception applies to the EEOC's report and

determination . . . ."); Smith v. Universal Services, Inc., 454 F.2d 154, 157 (5th Cir. 1972)

(holding that "EEOC report, consisting of a summary of the charges, a brief review of the facts

developed in [the EEOC's] investigation, and its finding of probable cause that violations exist"

was admissible as a business record); Conrad v. P.T.O. Services, Inc., No. Civ.A. 95-2622, 1996

WL 296652, at *3 (N.D. Ill. June 3, 1996) (noting that Fed. R. Evid. 803(8) encompasses

"EEOC reports, investigations, and determination letters.") (citation omitted).

### C.    Plaintiff's April 18, 2005 Letter Did Not Seek to Initiate the EEO Process.

Plaintiff contends that she first sought to initiate the EEO counseling process at the time

she sent a letter, dated April 18, 2005, to Robert Gallagher, the Administrative Director of

SERC.  Pl.'s Opp'n at 12-13.  According to Plaintiff, this letter "unequivocally announced the

Plaintiff's intent to seek EEO protection."  Id. at 13.  However, at no time in her April 18 letter,

which was written by plaintiff's current attorney, did plaintiff express an intention to initiate the

EEO counseling process.  Pl.'s Opp'n, Ex. 2.  Rather, the letter stated in full:

> As you are aware, this firm represents Ms. Doratha Klugel on all
> matters pertaining to her employment.  It is our understanding that
> you have directed her to see the Employees Assistance Plan (EAP)
> Coordinator to discuss her work concerns and emotional state.  A
> mandated EAP, following an employer [sic] raising concerns over the
> nature of their treatment in the workplace may implicate various anti-

discrimination laws.  Where that refusal is based on 'fears' or on emotional state, the directive to see an EAP counselor triggers issues under the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

Ms. Klugel has no desire to be insubordinate or obstructive, nevertheless, I would [be] remiss if I did not object to a mandatory EAP referral and request your basis for making that referral.

I am also advised that certain comments may have been made regarding Ms. Klugel securing counsel.  Please be advised that it is her right to do so and any interference with that right is inappropriate.  While I suspect no effort was made to dissuade Ms. Klugel from obtaining representation, I would caution agent officials from even commenting on the retention of counsel in the first instance.  On the other hand, if I can assist you in resolving workplace disputes or misunderstandings, I stand ready to do so.

To the extent Ms. Klugel does see the EAP counselor, she asserts all privacy rights and confidentiality limitations that arise from that discussion.  Please note that we will request on behalf of my client all notes of the substance of any discussion between the EAP counselor and Ms. Klugel.

Again, we would like to know the basis for the referral, as it implicates the matters I have raised above.

Id.

It is apparent, that by its plain words, the April 18 letter in no way sought to initiate the EEO counseling process.  The letter does not indicate that plaintiff believed her rights were being violated, only that the EAP referral may have "trigger[ed] issues under the Rehabilitation Act of 1973 and the Americans with Disabilities Act."  Id.  Notably, the letter did not even make reference to the majority of the acts that form the basis of plaintiff's complaint; nor did it state that plaintiff was seeking to lodge a formal complaint about any specific action.  Cf. Compl. ¶¶ 11-17; 21, 23.  Thus, the letter did not suffice to initiate the EEO counseling process.  See, e.g., Ramos v. Nicholson, No. Civ.A. 04-0558, 2006 WL 504053, at *3 (W.D. Tex. Jan. 11, 2006)

(holding that, even assuming "reporting unlawful conduct to a supervisor could substitute for initiating informal EEO counseling, plaintiff's testimony does not indicate that he (a) initiated contact . . . or (b) initiated contact for the purpose of reporting discriminatory conduct.").  In any event, plaintiff has not submitted any binding authority from this Circuit that supports finding that the April 18th letter can substitute for plaintiff's required contact with an EEO counselor. Cf. Carter v. Greenspan, 304 F. Supp. 2d 13, 23 (D.D.C. 2004) (holding that the fact that plaintiff "engaged in an internal dispute resolution procedure with his supervisors and a human resources representative cannot replace the required initial contact with an EEO counselor within 45 days of the allegedly offensive incident[ ] and noting that a case to the contrary was "contrary to the weight of authority on this issue.") (citations omitted).  It is undisputed that at no time prior to September 23, 2005 did plaintiff contact an EEO counselor.  Therefore, the claims she seeks to assert in counts I through III are barred.

In plaintiff's view, "[w]hether or not the April 18, 2005 letter and other contacts were sufficient under the circumstances to initiate the EEO process is a matter [of] fact which is based primarily on the intent of the Plaintiff and there is no record disputing the Plaintiff's intent." Pl.'s Opp'n at 11.[5]  In support of her view that she only need demonstrate an "intent" to pursue

---

[5]In support of this statement, plaintiff cites to her own affidavit.  However, nowhere in her affidavit does plaintiff contend that she intended the April 18, 2005 letter to have initiated the EEO counseling process.  Rather, plaintiff notes that the letter was sent to Robert Gallagher, the Administrative Officer of SERC, and "informed him that [plaintiff's] anti-discrimination workplace rights were being violated."  Pl.'s Opp'n, Ex. 1, ¶ 19.  In arguing that her "intent" is dispositive, plaintiff is apparently referencing the EEOC's interpretation of 29 C.F.R. § 1614.105(a)(1), which provides that an employee must contact an agency official logically connected to the EEO process and must exhibit an intent to begin the EEO process within 45 days of the alleged discriminatory incident.  EEOC Management Directive (MD-110), 2-1 (November 9, 1999) (citations omitted).  However, even if Mr. Gallagher was an official logically connected to the EEO process, Plaintiff's April 18th letter did not express her intent to

the EEO process, plaintiff cites to <u>Briggs v. Henderson</u>, 34 F. Supp. 2d 785 (D. Conn. 1999).

However, in addition to be contrary to the weight of authority on this issue, <u>Briggs</u> is not

analogous to this situation.  In <u>Briggs</u>, the plaintiff had "met with her two supervisors on the

same day as the last discriminatory event."  <u>Id.</u> at 788.  In addition, within a week after the event,

she had contacted the employer's police, "an official at the crisis prevention division, and

therapists at the EAP [and] filed a grievance with her union."  <u>Id.</u>  The court found that "these

contacts with agency officials put the Postal Service on notice of plaintiff's allegations of sexual

harassment [and] . . . indicated plaintiff's intent to pursue the EEO process."  <u>Id.</u>  Clearly, the

plaintiff in <u>Briggs</u> took significant steps that supported a finding that she intended to initiate the

EEO process.  Here, plaintiff's only action was to send a letter, written by her attorney, raising

objections to plaintiff being referred for an EAP counseling session.  This letter did not mention

any of the other claims plaintiff raises in her complaint; nor did it put the agency on notice that

plaintiff had any possible discrimination claims, aside from the EAP referral.  Significantly, the

letter was sent almost a full month prior to plaintiff's alleged constructive discharge.  Compl. ¶

32.  For these reasons, even if plaintiff's intent could be sufficient to initiate the EEO process,

the April 18th letter did not evidence any intent by plaintiff to do so.

> **D.     None of Plaintiff's Other Contacts were Timely and Therefore Counts I, II,
>         and III are Subject to Dismissal Because Plaintiff Failed to Timely Contact
>         an EEO Counselor.**

The April 18th letter aside, none of the other contacts plaintiff refers to were made within

45 days of her alleged constructive discharge.  Plaintiff was allegedly "constructively

---

begin the EEO process.  Even more telling, at no time does plaintiff specifically assert in her
affidavit that she was unaware of the 45-day time limit in which to contact an EEO counselor.

discharged" on May 12, 2005. Compl. ¶ 32; Pl.'s Opp'n at 10. Plaintiff had 45 days after this

date in which to contact an EEO counselor. 29 C.F.R. § 1614.105(a)(1). Calculating 45 days

after May 12, 2005, the latest date on which Plaintiff could have timely contacted an EEO

counselor was on June 27, 2005.[6]

Plaintiff contends that she filed a formal complaint with the District of Columbia Human

Rights Commission on July 2, 2005; a formal complaint with the EEOC's Washington field

Office on July 27, 2005, and a formal complaint with the Smithsonian's office of the general

counsel on September 23, 2005. Pl.'s Opp'n at 14. However, as the 45-day period in which

plaintiff was required to contact an EEO counselor had passed by the time any of these contacts

were made, these contacts do not establish that plaintiff timely contacted an EEO counselor.[7]

Accordingly, dismissal of counts I, II, and III is warranted based upon plaintiff's failure to timely

contact an EEO counselor.

## IV.    THE COURT LACKS JURISDICTION OVER PLAINTIFF'S TORT CLAIMS.

Plaintiff attempts to argue that her claims against Defendants Roy and Hines can proceed,

and thus the United States should not be substituted as the sole defendant. She also contends that

her invasion of privacy claim is not subject to dismissal. These arguments should be rejected.

---

[6]Actually, the 45th day occurred on a Sunday, June 26, 2005. Plaintiff's argument that the latest date to initiate the EEO process was on July 2, 2005, Pl.'s Opp'n at 10, is simply inaccurate.

[7]Nor is the fact that plaintiff wrote a letter to the EEO counselor dated May 18, 2006, in which she contended that the date of her initial contact was on April 18, 2005, of any significance regarding the date on which plaintiff initiated EEO contact. Pl.'s Opp'n at 14-16. Plaintiff has submitted no authority for the proposition that the EEO counselor was required to incorporate the date that plaintiff believes she initiated the EEO process.

**A.      The United States is the Only Proper Defendant As to Counts IV and V and Defendants Roy and Hines Cannot Be Sued in Their Individual Capacities.**

Defendants previously argued that the United States is the only proper defendant as it concerns plaintiff's common law tort claims.  Def.'s Mem. at 9-12.[8]  In response to the certification by the Attorney General's designee that defendants Roy and Hines were acting within the scope of their employment, plaintiff has made a conclusory assertion that discovery is needed to confirm that in fact this is true.  However, plaintiff's unsupported assertions do not warrant this court granting discovery on the scope of employment issue and, as discussed below, defendants Roy and Hines were clearly acting within the scope of their employment at the time of the actions alleged in plaintiff's complaint.

**1.      Plaintiff has Failed to Justify the Need for Discovery on the Scope of Employment Issue.**

Plaintiff contends that the United States should not be substituted as the defendant until such time as plaintiff can conduct discovery concerning the actions of defendants Roy and Hines. Pl.'s Opp'n at 21.  Plaintiff "does not dispute that Defendants Roy and Hines have made a prima facie showing that they acted within their scope of authority when they was [sic] pried into the irrelevant details of the Plaintiff's sex life." Id.  Rather, she only contends that discovery on this issue should be permitted.  Id. at 22.

However, as defendants previously asserted, when a federal employee acting within the scope of his or her employment is sued for negligent activity, the Westfall Act generally dismisses the employee from the action and substitutes the United States as the proper defendant.

---

[8]References to "Defs.' Mem." are to the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment and Motion to Substitute the United States as the Sole Defendant in Counts IV and V.

14

28 U.S.C. § 2679(d)(1)(1988); see Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419-420

(1995). Once the Attorney General or appropriate designee certifies that a federal defendant

was, in fact, acting in an official capacity at the time of the tortious incident, a subsequent action

is deemed an action exclusively against the United States and falls under the provisions of the

FTCA. Lamagno, 515 U.S. at 419-420. Thus, the certification of Rudolph Contreras, Chief of

the Civil Division of the United States Attorney's Office for the District of Columbia, which was

submitted previously in support of defendants' motion for dismissal, or alternatively, for

summary judgment as Exhibit F, requires that the United States be substituted as the sole

defendant in this action.

      For purposes of the FTCA, to obtain discovery and an evidentiary hearing on the scope of

employment issue, a plaintiff need allege sufficient facts that, taken as true, would establish that

a defendant's actions exceeded the scope of his employment. Stokes v. Cross, 327 F.3d 1210,

1215 (D.C. Cir. 2003). However, not every complaint will warrant further inquiry into the scope

of employment issue. Id. at 1216; see Koch v. United States, 209 F. Supp. 2d 89, 92 (D.D.C.

2002) (citation omitted) (explaining that both the discovery process and an evidentiary hearing

are only necessary if the court concludes that there is a "genuine dispute of fact material to the

scope-of-employment issue"), aff'd No Civ.A. 02-5222, 2002 WL 31926832, at *1 (D.C. Cir.

Dec. 31, 2002). Neither discovery nor an evidentiary hearing on the scope issue is necessary if

the plaintiff fails to allege any facts in her complaint that, if true, would demonstrate that the

defendants had been acting outside the scope of their employment. Stokes, 327 F.3d at 1216

(citing Singleton v. United States, 277 F.3d 864, 871 (6th Cir. 2002)); and Davric v. Maine Corp.

v. United States Postal Service, 238 F.3d 58, 67 (1st Cir. 2001). In light of the Congressional

purpose behind the FTCA to protect federal employees from the exigencies of litigation, "[o]nly if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing." <u>Gutierrez de Martinez v. DEA</u>, 111 F.3d 1148, 1155 (4th Cir. 1997). Plaintiff cannot meet this burden here.

 Taking all of the plaintiff's allegations as true, they would not be able to rebut the submitted certification, even with additional discovery. That is, the plaintiff has not "pled sufficient facts that, if true, could rebut the certification." <u>Stokes</u>, 327 F.3d at 1216; <u>Kalil v. Johanns</u>, 407 F. Supp. 2d 94, 99 (D.D.C. 2005) (holding that plaintiff failed to justify need for discovery into the scope of employment issue); <u>Caesar v. United States</u>, 258 F. Supp. 2d 1, 5 (D.D.C. 2003) (finding that the underlying material facts were undisputed, and thus the Court can find, as a matter of law, that the defendant was acting within the scope of her employment).

   2. **Defendants Roy and Hines Were Acting Within the Scope of Their Employment.**

 The law of the District of Columbia governs the question of scope of employment in this jurisdiction. <u>Haddon v. United States</u>, 68 F.3d 1420, 1423 (D.C. Cir. 1995) (citing <u>Kimbro v. Velten</u>, 30 F.3d 1501, 1506 (D.C. Cir. 1994)). The Court of Appeals for the District of Columbia looks to the Restatement (Second) of Agency to define scope of employment. <u>Haddon</u>, 68 F.3d at 1423-24. Under the Restatement,

> [c]onduct of a servant is within the scope of employment if, but only if: [a] it is the kind he is employed to perform; [b] it occurs substantially within the authorized time and space limits; [c] it is actuated, at least in part, by a purpose to serve the master; and [d] if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

16

Restatement (Second) of Agency § 228(1). The conduct in question must be "of the same general nature as that authorized" or "incidental to the conduct authorized" to be within the scope of employment. Id. § 229. "In the District of Columbia and in the common law of agency generally, the scope of employment is very broad. As the D.C. Circuit has ruled, 'the acts of an agent motivated partly by self-interest – even where self-interest is the predominant motive – lie within the scope of employment so long as the agent is actuated by the principal's business purposes to any appreciable extent.'" Freiman v. Lazur, 925 F. Supp. 14, 19 (D.D.C. 1996) (quoting Local 1814, Int'l Longshoremen's Ass'n v. National Labor Rel. Bd., 735 F.2d 1384, 1395 (D.C. Cir. 1984) (other internal quotation marks omitted)).

Under District of Columbia law, a wide variety of intentionally tortious behavior has been held to be within the scope of employment when it was actuated, at least in part, by a desire to serve the employer's interest. For example, in Brown v. Argenbright Security, Inc., 782 A.2d 752 (D.C. 2001), the D.C. Court of Appeals held that a security company could be held liable for the acts of its employee who allegedly sexually assaulted, in the course of an investigation, a minor whom he suspected of shoplifting. The court held that a reasonable jury could have found that the security guard's actions were motivated at least partially by a desire to serve his employer, resulting in vicarious liability of the employer, particularly because the employer's interests were involved to the extent that the actions in question began with a physical search of a suspected shoplifter. Id. at 758.

Similarly, in Hechinger Co. v. Johnson, 761 A.2d 15 (D.C. 2000), the court found that an employee of a retailer was acting within the scope of his employment, making the retailer vicariously liable for his actions, when he struck a customer in the chest after the customer

17

attempted to remove some wood from the store without paying for it.  The court noted that the assault grew out of a job-related controversy, and it was reasonable for the jury to conclude that the employee's actions "were motivated by a desire to require [the plaintiff] to pay for the wood which he presumed to be the property of his employer . . ." and thus that he "acted, at least partially, by a desire to serve [the employer's] interests."  Id. at 24 (citation omitted).

These cases are in line with earlier District of Columbia cases finding tortious conduct to be within the scope of employment.  In Lyon v. Carey, 533 F.2d 649 (D.C. Cir. 1976), the court upheld a jury verdict that a mattress deliveryman acted within the scope of his employment when he assaulted and raped the plaintiff immediately following a dispute over his delivery of, and her payment for, a mattress.   In addition, in Howard Univ. v. Best, 484 A.2d 958, 981 (D.C. 1984), the only female member of one of the University's Departments charged her dean with sexual harassment.  The Court held that because many of the alleged incidents occurred during faculty, administrative, or other professional meetings, the jury could reasonably find that the Dean acted within the scope of his employment.  Id. at 987.

In the instant case, none of Plaintiff's allegations in her complaint present a genuine question of material fact on the scope of employment issue.  Concerning her invasion of privacy claim in count IV, plaintiff contends that the Smithsonian's inspector general's office, "particularly through" the actions of defendants Roy and Hines, "unjustly pried into [her] romantic relationship with Mr. Yunger and others."  Compl. ¶ 48.  Plaintiff contends that defendants sought to place her in a "false light" and to create a "false justification" to remove her from the Agency.  Id. ¶ 49.  Plaintiff contends that "[t]he acts of unreasonable intrusion include . . . threats of termination for continuing a romantic relationship . . . unreasonable questions about

18

[plaintiff's] relationship . . . and questions about the number of sexual encounters she has had." Id. ¶ 50.  Pertaining to her defamation claim, plaintiff contends that "[d]uring the IG investigation . . ." defendants Roy and Hines "repeated and published statements about [plaintiff's] sexual relationship with her then boyfriend . . . which impugned her reputation and chastity."  Id. ¶ 54.  In addition, defendants "made knowingly false and derogatory statements about [plaintiff's] sanity . . ." as well as about her "professional reputation in an effort to injure her reputation and character."  Id. ¶¶ 55-56.

It is readily apparent that the alleged incidents upon which this suit is brought arose solely because of actions taken by defendants Roy and Hines in their capacities as employees of the Agency.[9]  The questioning of plaintiff and the alleged publication of false statements all took place as part of and during the inspector general's investigation, which defendants Roy and Hines were employed to perform.  See Restatement (Second of Agency § 228(1)(a); Schneider v. Kissinger, 310 F.Supp.2d 251, 266 (D.D.C. 2004) (the conduct of defendant occurred during the performance of his job function); Koch v. United States, 209 F. Supp. 2d 89, 93 (D.D.C. 2002) (holding that discovery concerning the scope of the defendant's employment was not necessary where "[t]he alleged incident upon which this suit is premised arose solely because of a dispute about the work performances of plaintiff" and defendant.).  Thus, even if Plaintiff's allegations are taken as true, the alleged actions occurred as a direct result of defendants Roy and Hines' investigation and were within their scope of employment.

---

[9]In fact, defendant Hines is not an agent in the inspector general's office, and did not conduct the investigation at issue.  Rather, defendant Hines was the Director of SERC and he had no role in the inspector general's investigation.

19

**B.     Plaintiff's Invasion of Privacy Claim Arises from the Same Nucleus of Facts as Her Defamation Claim and Thus it Must be Dismissed for Lack of Subject Matter Jurisdiction.**

In their initial motion, defendants argued that plaintiff's invasion of privacy claim could not proceed in this action because it arose out of the same cause of action as her defamation claim, which is expressly barred by the FTCA.  Def.'s Mem. at 13.  In turn, plaintiff contends that the tort of invasion of privacy has been recognized under the FTCA.  Pl.'s Opp'n at 25.  However, plaintiff's argument in opposition to defendants' motion misses the mark.  Plaintiff does not contend that her invasion of privacy claim contained in count V does not arise out of the same nucleus of facts as her defamation claim, which is clearly barred by the FTCA.  Greene v. Nguyen, No. Civ.A. 05-0407, 2005 WL 3275897, at *2 (D.D.C. Sept. 7, 2005); (citations omitted) (dismissing defamation claim brought pursuant to the FTCA for lack of subject-matter jurisdiction); Bentham v. Rice, No. Civ.A. 0301127, 2005 WL 691871, at *3 (D.D.C. Mar. 24, 2005) ("The FTCA retains sovereign immunity for claims of defamation . . . .") (citations omitted).  In this case, because the invasion of privacy claim arises out of the same conduct as the barred defamation claim, the Court cannot assert jurisdiction over either claim.  Greene, 2005 WL 3275897, at *6 ("Because the plaintiff's false light invasion of privacy claim arose out of the conduct on which the defamation claim is based . . . that claim is barred as well.").

## CONCLUSION

For the reasons set forth above, and those contained in defendants' initial motion, defendants respectfully request that the Court dismiss counts I through III.  Furthermore, defendants request that the Court substitute the United States as the sole defendant as it pertains to counts IV and V and, thereafter, that the Court dismiss those counts for lack of subject matter

20

jurisdiction.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

Of Counsel:

Christine Nicholson
Associate General Counsel
Office of the General Counsel
Smithsonian Institution Building – Room 302
1000 Jefferson Drive, SW M.C.-012
P.O. Box 23286
Washington, DC 20026

21

# EXHIBIT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

2006 NOV 27  AM 10: 58

Doratha Klugel,
Complainant,

v.

Lawrence M. Small,
Secretary,
Smithsonian Institution,
Agency.

Appeal No. 0120064105[1]

Agency No. 06-09-051906

<u>DECISION</u>

Complainant filed a timely appeal with this Commission from the agency's decision dated June 5, 2006, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.* In her complaint, complainant alleged that she was subjected to discrimination on the bases of sex (female), disability (anxiety and perceived), and reprisal for prior protected EEO activity under Title VII, and the Rehabilitation Act, when she was subjected to sexual harassment and /or was discriminated against, which created a hostile work environment, during the period of December 2004 through May 12, 2005.

The agency dismissed complainant's complaint for untimely EEO counselor contact, finding that she had not initiated the EEO process within 45 days of the date of the matter alleged to be discriminatory, under 29 C.F.R. § 1614.107(a)(2).

The chronology of events is as follows.  Between December 2004 and May 12, 2005, complainant was the subject of an investigation by the agency's Office of the Inspector General, had her assignments and duties changed and / or reduced, was told she could not take any more leave and was placed on a "Progress Review." She was also informed that her last day of work would be August 2, 2005 because her position was funded by a five-year grant and there was no more money in the grant to pay her. Complainant resigned from her position on May 12, 2005. Subsequent to her resignation, through her attorney, she filed a complaint of employment discrimination with the Washington, D.C. Human Rights Commission on July 2, 2005. On July

---

[1] Due to a new Commission data system, this case has been redesignated with the above-referenced appeal number.

2                                                                0120064105

27, 2005, she filed a formal discrimination complaint with the Washington Field Office (WFO) of the Equal Employment Opportunity Commission (EEOC), utilizing the charge filing process for private sector employees. On August 18, 2005, the WFO informed complainant and her attorney that she should contact the agency and initiate the EEO process, as outlined by 29 C.F.R. Part 1614, for federal employees. On September 23, 2005, complainant contacted the EEO office of the agency in order to initiate EEO counseling. The agency issued a Notice of Right to File on December 13, 2005, and reissued the Notice on May 15, 2006, after notification that neither the complainant nor her attorney had received it. Complainant's formal complaint was filed with the agency on May 19, 2006. The agency issued a final agency decision on June 5, 2006, and she filed the subsequent appeal on July 5, 2006.

EEOC Regulation 29 C.F.R. § 1614.105(a)(2) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that she was not notified of the time limits and was not otherwise aware of them, that she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence she was prevented by circumstances beyond her control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

In this case, the last possible date complainant could have been subjected to discrimination was May 12, 2005, the date of her resignation. In order for her complaint to be considered timely filed, she should have initiated EEO counseling no later than June 26, 2005. Complainant's earliest date of contact to initiate any EEO process, federal or local, was July 2, 2005, when she contacted the Washington, D.C. Human Rights Commission. Even were we to consider this date the initiation of her EEO complaint, complainant would be untimely.

Complainant's attorney argues on appeal (and also raised with the agency when filing the formal complaint), that complainant should be considered to have initiated the EEO process on April 18, 2005, when in a letter to the administrative officer of the agency facility at which complainant worked, the attorney protested a mandatory referral to an Employees Assistance Plan (EAP) Coordinator. In that letter the attorney wrote that "[a] mandated EAP...may implicate various anti-discrimination laws" and that it "triggers issues under the Rehabilitation Act of 1973."

The Commission has held that in order to establish EEO Counselor contact, an individual must contact an agency official logically connected to the EEO process and exhibit an intent to begin the EEO process. *Allen v. United States Postal Service*, EEOC Request No. 05950933 (July 9, 1996). Under this standard, we find that the April 18, 2005 letter is insufficient to demonstrate an intent to begin the EEO process. Merely invoking the federal anti-discrimination laws does not exhibit an intent to begin the EEO process. No where in the letter does it state that complainant wishes to begin the complaint process. An administrative officer is not "logically connected to the EEO process" as they would administer many office / agency-wide directives

3                                   0120064105

and policies. On its face from the text of the letter, it would not be simple to conclude that the complainant should be referred to an EEO counselor. It does communicate fully her objection to being referred to EAP for mandatory counseling. Further, the agency's responsibility to inform complainant of her rights in the EEO process is triggered after she has initiated the process and contacted an EEO counselor, not before. The agency is not required to intuit her intent.

Complainant's attorney also argues on appeal that complainant had contacted the EEO office prior to the April 18, 2005 letter and that she was affirmatively mislead that the agency was not a federal agency governed by 29 C.F.R. 1614, and that complainant was not a federal employee. However, a thorough review of the record does not reveal any evidence in support of this claim. There is no affidavit from complainant detailing her date of contact, the person contacted or what was said. The only document in the record which may have been construed to say that the agency was not subject to laws applicable to other federal agencies is a letter dated June 8, 2005 from the agency Office of the Inspector General which informed complainant's attorney that the agency was not formally subject to the Privacy Act or to the Freedom of Information Act (FOIA), but that it was providing records "as a courtesy" and "look[s] to FOIA for guidance." No where does the letter state that the agency would not be subject to the federal administrative EEO process. We also note that this letter post-dates the April 18, 2005 letter from complainant's attorney.

Therefore, after a review of the record and the briefs of both parties, it is the decision of the Commission to affirm the agency's decision to dismiss complainant's complaint.

### STATEMENT OF RIGHTS - ON APPEAL

#### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to

4                                    0120064105

reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.     If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

NOV 2 1 2006

Date

5                                    0120064105

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Doratha Klugel
P.O.B.29197
Washington, DC 20017

Kevin Byrnes
Wade & Byrnes P.C.
616 N. Washington St.
Alexandria, VA 22314-1991

Era L. Marshall, EEO Director
Smithsonian Institution
P.O. Box 37012, Victor Bldg. - 8100
Washington, DC 20013-7012

**NOV 2 1 2006**
Date

Equal Opportunity Assistant