UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DORATHA KLUGEL, )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>LAWRENCE M. SMALL, et. al. )<br>       Defendants. ) | Civil Action No. 06-1886 (HHK) |

**MOTION FOR RULING ON OR TO HOLD IN ABEYANCE
DEFENDANT'S MOTION TO DISMISS/MOTION
FOR SUMMARY, AND TO ALLOW DISCOVERY**

Comes now the Plaintiff Doratha Klugel and requests that this Court schedule a hearing to address the Defendants' Motion to Dismiss/Motion for Summary Judgment; or, in the alternative, requests the Court deny the motions based on the pleadings filed to date and that the Court hold a scheduling conference such that the Plaintiff may then be allowed to proceed to conduct discovery in this case.

As grounds for this motion, the Plaintiff alleges as follows:

1. On November 3, 2006, Plaintiff filed a complaint of employment discrimination based on gender, perceived disability and retaliation and for invasion of privacy and defamation arising from her treatment by officials while employed as an Education Specialist with the Smithsonian Institution, a hybrid organization which denies its governmental status when convenient for liability purposes but asserts that same status when it seeks to claim immunity or waiver.

2. In her complaint, Plaintiff cited the specific grounds for her belief that she was subject to discrimination based on gender and perceived disability and that she had been subject to a retaliatory and invasive "investigation" which seemed little more than a foray into the sexual habits that existed between Ms. Klugel and her now husband.

3. On January 26, 2007, the U. S. Attorneys Office, through Assistant U.S. Attorney Michelle Johnson, filed a peculiarly entitled motion for summary judgment/motion to dismiss. In her motion, AUSA Johnson contended, prior to the commencement of any discovery whatsoever, that the Smithsonian was entitled to a rejection of the Complaint *in toto* claiming, incorrectly, that Plaintiff had failed to exhaust her administrative claims and that Plaintiff had failed to establish evidence supporting a prima facie case of discrimination. AUSA Johnson also argued that the personal torts committed by Special Agents Roy and Hines of defamation and invasion of privacy should, although specifically excluded from the FTCA's purview, be dismissed because they were done in the scope of the respective agents' employment.

4. The Plaintiff responded to this motion on February 12, 2007, pointing out that the Smithsonian was actually asserting not a legal but a factual dispute to which it had in essence supplemented its 12(b)(6) motion with selective and disputed "evidence" of its position that no discrimination had occurred. The combination 12(b)(6) Rule 56 motion was little more than an attempt to deny Plaintiff discovery or the opportunity to even establish facts. Further, the Smithsonian, by virtue of its position as both a federal agency and an employer, was the employer of many of the witnesses and the legal repository of the documents detailing the events in question. Thus, it would be manifestly unfair and a denial of due process to simply accept Defendants' self-serving word and conclude Plaintiff has not met her burden, prior to allowing Plaintiff any discovery whatsoever. Plaintiff also contends that the motion itself was improper in that Plaintiff had clearly met her burden of satisfying her requirement to set forth short, concise facts and theories upon which relief could be granted, and thus any 12(b) motion was improper and a Rule 56 motion premature.

5. Recognizing the substantial volume of cases in any federal court and more specifically the U.S. District Court for the District of Columbia, the demands on the Court and its

clerks, the pre-eminence of the criminal versus the civil docket, and the precedence of other matters previously filed or involving more pressing issues, Plaintiff nevertheless seeks to move forward in the discovery phase of this case.

6. The need for discovery at an early stage in an employment discrimination case is especially pressing because over time federal personnel changes; records can be lost; memories can fade; and, frankly, the emotional and financial stamina of individual plaintiffs to maintain the litigation is impaired.

7. Further, employment cases are unique in that the employer pays the salaries and can determine the career prospects of many, if not all, of the central witnesses in the case; and, of course, it is the employer who maintains and controls the records establishing comparators or reflecting dialogue and motives of the various actors. This imbalance means that the Plaintiff must generally allege an act first, attribute a motive, and then seek from the employer documentary or testimonial evidence to prove up the allegations. Since the employee lacks the same ease of access and control as the employer, the employee, must truly "discover" whether his or her case has merit after filing suit. Preceding administrative investigations in the federal sector are usually lopsided in the employer's favor since investigators merely take statements or obtain documents the employer is willing to impart. There is no participation by the employee's advocate, no cross-examination of witnesses, and no compulsory process exists. Thus, only the right to conduct discovery, backed up with the authority of a federal court to compel production, allows an employee to establish an equal playing field.

8. Discovery also allows for another purpose. In many instances Plaintiff counsel has withdrawn suits where insufficient evidence exists to proceed following discovery. This is appropriate because discrimination cases invariably attack the reputation of government employees and should not be pursued lightly nor continued where other legitimate explanations

are supported by tested evidence that has been properly produced and challenged, but which still yields only one legal conclusion.

Thus, we request the Court either rule in Plaintiff's favor on Defendants' Motion to Dismiss/Motion for Summary Judgment or hold the motions in abeyance pending discovery in this case. We respectfully ask the Court to set a scheduling conference to allow discovery to proceed, particularly in light of the extended delay to date. Such discovery will hardly prejudice the Department of Justice and will promote the fair and expeditious administration of justice and investigation of the merits of the Plaintiff's allegations.

              Respectfully submitted,

              DORATHA KLUGEL
              By Counsel

WADE & BYRNES, P.C.

/s/ Kevin Byrnes
Kevin Byrnes, Esq.
616 North Washington Street
Alexandria, Virginia 22314
Phone: 703/836-9030
Fax: 703/683-1543
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered, faxed, emailed and/or mailed postage prepaid, this _____ day of September, 2007, to:

Rudolph Contreras
Assistant United States Attorney
Civil Division
501 3rd Street, N.W.
Washington, D.C. 20001

Michelle N. Johnson (or her successor)
Assistant United States Attorney
Civil Division
501 3rd Street, N.W.
Washington, D.C. 20001

              /s/ Kevin Byrnes
              Counsel