IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DORATHA KLUGEL**, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 06-1886 (HHK) |
| **LAWRENCE M. SMALL, et al.**, | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RULING ON OR TO HOLD IN ABEYANCE DEFENDANTS' MOTION TO DISMISS/MOTION FOR SUMMARY [JUDGMENT], AND TO ALLOW DISCOVERY

Defendants, Lawrence M. Small, Gerald Roy, and Tuck Hines, respectfully submit their opposition to plaintiff's "Motion for Ruling on or to Hold in Abeyance Defendant's Motion to Dismiss/Motion for Summary [Judgment], and to Allow Discovery" ("Pl.'s Mot."). Having failed to ever present this Court with a proper affidavit pursuant to Federal Rule of Civil Procedure 56(f), plaintiff now seeks to force this Court to rule in her favor, or alternatively, to force defendants to undergo discovery that may not be required in the event the Court grants defendants' pending motion to dismiss, or alternatively, for summary judgment.[1] Even if the Court were to construe plaintiff's motion as an improperly filed Rule 56(f) affidavit, plaintiff has set forth no circumstances that warrant the discovery she is seeking. Because of plaintiff's failure to justify her request for discovery, the Court should exercise its broad discretion to stay discovery pending a ruling on defendants' dispositive motion.

---

[1] It is not clear to defendants why plaintiff finds the title of defendants' motion "peculiar" or "improper" when parties routinely move for alternative relief in one motion, and may seek such relief prior to filing an answer. Pl.'s Mot. at 2, ¶¶ 3, 4.

**ARGUMENT**

I.   **PLAINTIFF HAS FAILED TO SUBMIT A PROPER RULE 56(f) AFFIDAVIT TO THE COURT JUSTIFYING HER NEED FOR DISCOVERY.**

Federal Rule of Civil Procedure 56(f) provides a very simple, straight-forward method for a party, such as plaintiff, seeking discovery prior to a ruling on a motion for summary judgment. That rule provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavits facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f) (emphasis added). Rather than utilizing this rule in opposing defendants' motion for summary judgment, plaintiff made unsupported statements in her opposition brief stating that a continuance was needed "to conduct discovery on her allegations . . . ." Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment ("Pl.'s Opp'n") at 3. In addition, aside from failing to provide <u>any</u> affidavit in support for her request for discovery, plaintiff's opposition to defendants' motion failed to even assert the basis for her request for discovery, or even the particular matters on which discovery would be warranted. Instead, she referred generally to needing discovery on her "allegations." Thus, she wholly failed to substantiate her unsupported request for discovery. See <u>Byrd v. United States Environmental Protection Agency</u>, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999) (holding that district court did not abuse its discretion in granting defendant's motion for summary judgment without first affording opposing party discovery because the opposing party failed to "show what facts he intended to discover that would create a triable issue and why he could not produce them in

opposition to the motion.") (citations omitted); <u>Carpenter v. Federal Nat. Mortgage Ass'n</u>, 174 F.3d 231, 237-38 (D.C. Cir. 1999) (holding that district court did not abuse its discretion in denying plaintiff's request for discovery prior to adjudication of defendant's motion for summary judgment where facts plaintiff pointed to did not demonstrate that defendant was not entitled to summary judgment); <u>Radack v. United States Dep't of Justice</u>, 402 F. Supp. 2d 99, 107 & n.9 (D.D.C. 2005) (Kennedy, J.) ("[W]hen a non-moving party seeks to obtain discovery prior to the court's ruling on a summary judgment motion, she must provide a 'reasonable basis to suggest that discovery would reveal triable issues of fact.'") (citations omitted).

## II.    PLAINTIFF'S MOTION FAILS TO JUSTIFY HER REQUEST FOR DISCOVERY.

Having failed to date to submit a proper Rule 56(f) affidavit to this Court, plaintiff attempts to justify her request for discovery in her recently filed motion. However, even assuming this Court were to consider plaintiff's motion as an improperly-filed Rule 56(f) affidavit, plaintiff's motion is fatally deficient and fails to justify the need for discovery in this case.

"Federal Rule of Civil Procedure 56(f) provides that a court <u>may</u> deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." <u>Strang v. United States Arms Control & Disarmament Agency</u>, 864 F.2d 859, 861 (D.C. Cir. 1989). In her motion, plaintiff fails to set forth the specific facts that were essential, yet not available to her, in opposing defendant's motion. Rather, plaintiff talks in general terms about "[t]he need for discovery at an early stage in an employment discrimination case . . . ." and the fact that the plaintiff in such cases "must generally allege an act first, attribute a motive, and

3

then seek from the employer documentary or testimonial evidence to prove up the allegations." Pl.'s Mot. at 3, ¶¶ 6, 7.  Plaintiff fails to discuss the <u>precise</u> facts that she needs to discover in this case to justify the denial of defendants' dispositive motion.  Plaintiff's generalized, conclusory allegations fail to past muster under Rule 56(f) and her motion should be denied.  <u>See, e.g.</u>, <u>Byrd</u>, 174 F.3d at 248 & n.8 (D.C. Cir. 1999) (holding that district court did not abuse its discretion in not affording plaintiff discovery prior to ruling on dispositive motion where plaintiff merely made the conclusory statement in her Rule 56(f) affidavit that 'there may well be knowledge on the part of EPA employees or undisclosed documents identifying additional contacts between EPA and the peer panel members'[,] . . . a plainly conclusory assertion without any supporting facts."); <u>Strang</u>, 864 F.2d at 861 (affirming district court's grant of summary judgment without affording plaintiff discovery where the plaintiff "offered no specific reasons demonstrating the necessary and utility of discovery to enable her to fend off summary judgment . . . .").

### III. THE COURT SHOULD EXERCISE ITS BROAD DISCRETION TO STAY DISCOVERY IN THIS CASE.

It is beyond dispute that federal courts have broad discretion to manage the conduct of discovery to protect a party from undue burden or expense or to otherwise promote the ends of justice by granting an appropriate order to limit or postpone discovery.  <u>See</u> <u>Chavous v. District of Columbia Financial Responsibility & Mgmt. Assistance Auth.</u>, 201 F.R.D. 1, 2 (D.D.C. 2001).  It is also "settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion[.]"  <u>Id.</u> (citation omitted).  Indeed, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most

efficient use of judicial resources.'" Id. (citations omitted).

In this case, defendants' pending motion to dismiss, or in the alternative, for summary judgment, has the potential to dispose of all of plaintiff's claims in this case. While plaintiff makes the unsupported assertion that "discovery will hardly prejudice the Department of Justice and will promote the fair and expeditious administration of justice and investigation of the merits of the [p]laintiff's allegations[,]" Pl.'s Mot. at 4, clearly, requiring the defendant to undergo discovery, which may be completely unwarranted if defendants' motion is granted, would prejudice the defendants. Conversely, continuing to stay discovery pending a determination of defendants' motion will not prejudice the plaintiff, who to date has failed to explain to this Court or defendant the essential facts that she expects discovery to uncover, and who will not be made to incur unnecessary legal expenses if this Court in fact grants defendants' motion. A stay is particularly appropriate in this case where defendant contends that plaintiff failed to exhaust her administrative remedies prior to seeking relief regarding her employment discrimination claims, and where defendant contends that this Court lacks jurisdiction to adjudicate plaintiff's tort claims against the individually named defendants. These are primarily legal issues that are ripe for the Court's determination and plaintiff can hardly deny that she has knowledge of the facts concerning her failure to timely exhaust her claims.

## CONCLUSION

For the reasons set forth above, plaintiff's "Motion for Ruling on or to Hold in Abeyance Defendant's Motion to Dismiss/Motion for Summary [Judgment], and to Allow Discovery" should be denied.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DORATHA KLUGEL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-1886 (HHK) |
| ) | |
| **LAWRENCE M. SMALL, et al.,** ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on plaintiff's "Motion for Ruling on or to Hold in Abeyance Defendant's Motion to Dismiss/Motion for Summary [Judgment], and to Allow Discovery", defendants' opposition to the motion, and plaintiff's reply, if any, it is hereby

**ORDERED** that plaintiff's motion is hereby **DENIED**. And it is further

**ORDERED** that discovery in this matter is stayed pending a determination on defendants' motion to dismiss, or in the alternative, for summary judgment.

**SO ORDERED** on this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE