IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DORATHA KLUGEL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No.: 06-1886 (HHK)** |
| ) | |
| **CRISTIAN SAMPER, Acting** ) | |
| **Secretary, Smithsonian Institution,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **the UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

**ANSWER**

Defendants, Cristian Samper, in his official capacity as Acting Secretary of the

Smithsonian Institution, and the United States of America ("Defendants"), through the

undersigned counsel, hereby answer the Complaint filed in the above-styled action.

Defendants respond to the corresponding numbered paragraphs of the Complaint by

admitting, denying or stating the following:

**JURISDICTION AND VENUE**

1.      Paragraph 1 sets forth plaintiff's statutory basis for her claims, to which no

response is required.

---

[1] In March 2007, Cristian Samper became the Acting Secretary of the Smithsonian Institution and should, therefore, be substituted for former Secretary Lawrence M. Small as the defendant in this action. See Fed. R. Civ. P. 25(d)(1). Pursuant to the Court's October 25, 2007 Memorandum Opinion and Order, the United States is hereby substituted as the sole defendant pertaining to plaintiff's Federal Tort Claims Act claims.

2.        Defendants admit that the United States is the proper defendant for claims brought

pursuant to the Federal Tort Claims Act.  Defendants further admit that the Smithsonian

Institution is subject to Title VII of the Civil Rights Act as amended and Section 501 of the

Rehabilitation Act and that the Smithsonian is covered by the procedures for processing of

federal sector employment discrimination claims set forth in 29 C.F.R. §1614.  Defendants deny

the remaining allegations of paragraph 2.

5. [2]      This paragraph consists of plaintiff's characterization of the Court's jurisdiction

over this action, a conclusion of law to which no response is required.

6.        Defendants deny that the acts alleged in this action occurred within the District

of Columbia because plaintiff was employed by the Smithsonian at its Smithsonian

Environmental Research Center, located in Edgewater, Maryland.  Defendants are without

sufficient information to admit or deny whether Plaintiff is a resident of the District of Columbia

but admit that the caption of the Complaint indicates that Plaintiff does reside in the District of

Columbia.

## PARTIES

7.        Defendants admit that Plaintiff is a former employee of the Smithsonian.

Defendants are without sufficient information to admit or deny whether Plaintiff is a resident of

the District of Columbia but admit that the caption of the Complaint indicates that Plaintiff does

reside in the District of Columbia.  Defendants deny that the acts and omissions alleged in the

complaint occurred in the District of Columbia.

8.        Defendants admit that the proper party defendants in this action are Cristian

---

[2]The complaint does not contain any paragraphs numbered 3 and 4.

Samper, Acting Secretary of the Smithsonian, who is sued solely in his official capacity, and the

United States of America.  Acting Secretary Samper is the sole proper party defendant for

purposes of plaintiff's remaining claims under Title VII and the Rehabilitation Act.  The United

States is the sole proper party defendant for purposes of plaintiff's remaining claim under the

FTCA.

9.      Defendants deny the allegations contained in paragraph 9 of the Complaint.

Pursuant to the Court's October 25, 2007 Memorandum Opinion ("Mem. Op.") and Order, the

United States was substituted as the sole defendant as to Count Five, which has been dismissed.

10.      Defendants deny the allegations contained in paragraph 10 of the Complaint.

Pursuant to the Court's October 25, 2007 Memorandum Opinion ("Mem. Op.") and Order, the

United States was substituted as the sole defendant as to Count Five, which has been dismissed.

## FACTS

11.      Defendants admit that in December 2004, plaintiff was interviewed by the

Smithsonian Institution's Office of Inspector General (OIG) regarding her use of official travel.

Defendants deny the remaining allegations contained in paragraph11 of the Complaint.

12.      Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.      Defendants deny the allegations contained in paragraph 13 of the Complaint.

14.      Defendants deny the allegations contained in paragraph14 of the Complaint.

15.      Defendants admit that Plaintiff was requested to provide medical documentation

to support her requests for leave for physical therapy related to a car accident.  Defendants deny

the remaining allegations contained in paragraph 15 of the Complaint.

16.      Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     These allegations are made in support of the claim of disability discrimination arising from a referral to the agency's Employee Assistance Program ("EAP"), a claim that was dismissed by the Court's October 25, 2007 Mem. Op. & Order and therefore no response is required.

19.     These allegations are made in support of the claim of disability discrimination arising from a referral to the agency's Employee Assistance Program ("EAP"), a claim that was dismissed by the Court's October 25, 2007 Mem. Op. & Order and therefore no response is required.

20.     To the extent these allegations are made in support of the claim of disability discrimination arising from a referral to EAP, that claim was dismissed by the Court's October 25, 2007 Mem. Op. & Order, and therefore no response is required.  To the extent these allegations are made in support a claim of invasion of privacy or a different claim of discrimination that was not dismissed, Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants admit that Plaintiff's job assignments were reduced because of her failure to perform satisfactorily and that her supervisor, Mark Haddon, had to perform those assignments because of her failure to perform.  Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.     To the extent these allegations are made in support of a claim of retaliation or a claim of defamation, these claims were dismissed by the Court's October 25, 2007 Mem. Op. &

Order, and thus no response is required.  To the extent these allegations are made in support of

claims of discrimination that were not dismissed, Defendants deny the allegations contained in

paragraph 23 of the Complaint.

24.     To the extent these allegations are made in support of a claim of constructive

discharge or termination, that claim was dismissed by the Court's October 25, 2007 Mem. Op. &

Order and therefore no response is required.  To the extent these allegations are made in support

of claims of discrimination that were not dismissed, Defendants deny the allegations contained in

paragraph 24 of the Complaint.

25.     These allegations are made in support of a claim of constructive discharge or

termination, a claim that was dismissed by the Court's October 25, 2007 Mem. Op. & Order, and

therefore no response is required.

26.     To the extent these allegations are made in support of a claim of retaliation and a

claim of constructive discharge, those claims were dismissed by the Court's October 25, 2007

Mem. Op. & Order, and therefore no response is required.  To the extent these allegations are

made to support claims of discrimination that were not dismissed, Defendants deny the

allegations contained in paragraph 26 of the Complaint.

**COUNT ONE:**
**GENDER DISCRIMINATION**

27.     Defendants' responses to paragraphs 1-26 are restated and incorporated here by

reference.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.     The allegations contained in paragraph 29 of the Complaint are legal conclusions

which no response is required.  To the extent a response is deemed required, Defendants deny the

allegations contained in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint are legal conclusions

which no response is required.  To the extent a response is deemed required, Defendants deny the

allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

### COUNT TWO:
### DISABILITY DISCRIMINATION

35.     Defendants' responses to paragraphs 1-34 are restated and incorporated here by

reference.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the complaint contain legal

conclusions to which no response is required.  To the extent a response is deemed required,

Defendants deny the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

### COUNT THREE:
### RETALIATION FOR INVOCATION OF
### FEDERAL ANTI-DISCRIMINATION LAW

39-45.  This Count was dismissed by the Court's October 25, 2007 Mem. Op. & Order,

and therefore no response is required.

## COUNT FOUR:
## INVASION OF PRIVACY

46. Defendants' responses to paragraphs 1-45 are restated and incorporated here by reference.

47. The allegations contained in paragraph 47 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. To the extent these allegations are made to support a claim of invasion of privacy by "false light in the public eye," this claim was held barred and dismissed by the Court's October 25, 2007 Mem. Op. & Order, and therefore no response is required.  See Mem. Op. & Order dated October 25, 2007, at 15, & n.8.  To the extent that these allegations may be construed to support an invasion of Plaintiff's right to seclusion, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 60 of the Complaint.

## COUNT FIVE:
## DEFAMATION (Slander and Libel)

52-57. This Count was dismissed by the Court's October 25, 2007 Mem. Op. & Order, and therefore no response is required.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendants state that Plaintiff is not entitled to the relief requested or to any relief whatsoever.  Defendants further aver that any

award of compensatory damages for Plaintiff's Title VII claim would be subject to and limited by

§ 42 U.S.C. § 1981a and that exemplary damages may not be awarded in this action.

All allegations contained in the Complaint not heretofore specifically admitted, modified

or denied are hereby generally denied as completely as if separately and specifically denied.


## FIRST DEFENSE

Plaintiff failed to exhaust her administrative remedies with regard to her claims of

discrimination in violation of Title VII and the Rehabilitation Act.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's remaining tort claim (invasion of privacy) is based upon the exercise or

performance of a discretionary function or duty on the part of the Office of the Inspector General,

and therefore is excepted from the Federal Tort Claims Act (FTCA).

## FOURTH DEFENSE

Defendants reserve the right to assert affirmatively any other defense that constitutes an

avoidance or affirmance under Fed. R. Civ. P. 8(c).

**WHEREFORE**, Defendants request that the Court dismiss the Complaint and award

Defendants such other relief as the Court may deem appropriate, including costs.


Respectfully submitted,

/s/ Jeffrey A. Taylor
_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


   /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT


Of Counsel:

Christine Nicholson
Associate General Counsel
Office of the General Counsel
Smithsonian Institution Building – Room 302
1000 Jefferson Drive, SW M.C.-012
P.O. Box 23286
Washington, DC 20026