**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DORATHA KLUGEL,**

Plaintiff,

v.

**CRISTIAN SAMPER, Acting Secretary, Smithsonian Institution,**

**and**

**the UNITED STATES OF AMERICA,**

Defendants.[1]

**Civil Action No.: 06-1886 (HHK)**

**JOINT RULE 16.3 REPORT**

The parties have conferred in accordance with Local Civil Rule 16.3(c) and Federal Rule of Civil Procedure 26(f). Accordingly, the parties file the following report:

Joint Statement of the Case: This is an employment discrimination case in which plaintiff contends that she was subjected to discrimination based on her sex in connection with an Inspector General investigation and that she was subjected to discrimination based on her alleged disability when she was asked questions about her medical leave.[2] Plaintiff also asserts a claim of invasion of privacy based upon alleged unreasonable inquiries made about her private life. Defendants deny that plaintiff was discriminated against on any basis or that there were any

[1] In March 2007, Cristian Samper became the Acting Secretary of the Smithsonian Institution and should, therefore, be substituted for former Secretary Lawrence M. Small as the defendant in this action. See Fed. R. Civ. P. 25(d)(1). Pursuant to the Court's October 25, 2007 Memorandum Opinion and Order, the United States is hereby substituted as the sole defendant pertaining to plaintiff's Federal Tort Claims Act claims.

[2] On October 25, 2007, the Court granted in part and denied in part defendant's motion to dismiss or in the alternative summary judgment.

improper inquiries made about her private life.

Statement of Jurisdiction: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, Rehabilitation Act of 1973, 29 U.S.C. § 720 et seq., and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, et seq.

1. Dispositive Motions: Plaintiff expects to file a dispositive pleading. Defense counsel believes that after discovery, a second dispositive motion may be appropriate.

2. Joinder/Amendment/Narrowing: The parties do not anticipate the necessity to join third parties or to amend the pleadings.

3. Assignment To Magistrate Judge: The parties do not consent to assignment of this case to a magistrate judge.

4. Settlement Possibility: Defendants believe that settlement discussions may be fruitful at some point after discovery has begun and will continue to evaluate their position throughout discovery.

5. Alternative Dispute Procedures: Defendants do not believe that ADR would be useful prior to discovery.

6. Dispositive Motions: Plaintiff believes that this case may be resolved by dispositive motion. Defendants' position is that after discovery, a dispositive motion may be filed. Defendants suggest that any post-discovery dispositive motion should be filed within 30 days after the close of discovery. The parties agree to abide by the local rules regarding the timing of any opposition(s) and/or replies.

7. Initial Disclosures: The parties agree that initial disclosures should be exchanged within 30 days of the Court's issuance of a scheduling order.

8. Discovery: The parties believe that 180 days is sufficient for discovery. The parties agree to abide by the Federal Rules of Civil Procedure and the local rules of this Court regarding the

limits of discovery. The Plaintiff believes that are there are two distinct theories that pertain to the case that they will need a total of 40 interrogatories. Further, since discovery has not been undertaken the Plaintiff is not certain as to the number of depositions needed but believes a preliminary number of up to ten depositions should be sufficient. Defendants do not believe that 40 interrogatories is necessary or proper in this case and that 25 interrogatories is sufficient. Defendants also believe 10 depositions is sufficient in this case. In the event the Court affords plaintiff 40 interrogatories, defendants ask that they be granted the same number of interrogatories. The parties agree that a protective order may be in order at some point in this litigation in order to protect documents covered by the Privacy Act, 5 U.S.C. §552a; confidential medical records; and any other confidential documents and information.

9. Experts: The parties do not anticipate the need for expert testimony, although their positions may change during the course of discovery in this case. Defendants anticipate that they may require an independent medical examination of plaintiff and may ask the doctor performing any such examination to testify as a witness at trial.

10. Class Action Procedures: Not applicable.

11. Bifurcation of Discovery or Trial: The parties do not see any need for bifurcation at this time.

12. Proposed Date For The Pretrial Conference: The parties believe that a pretrial conference should be set within 60 days following the close of discovery, or if a dispositive motion is filed, within 60 days following the ruling on such motion.

13. Trial Date: Should a trial be necessary in this case, the parties propose that the date should be set at the pretrial conference.

14. Other Matters: None.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States AttorneyUnited States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

/s/ Kevin Brynes
KEVIN BYRNES, D.C. Bar # 480195
616 North Washington Street
Alexandria, VA 22314

COUNSEL FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DORATHA KLUGEL**, Plaintiff, | |
| v. | **Civil Action No.: 06-1886 (HHK)** |
| **CRISTIAN SAMPER, Acting Secretary, Smithsonian Institution,** **and** **the UNITED STATES OF AMERICA,** Defendants.[1] | |

**[PLAINTIFF'S PROPOSED] ORDER**

**UPON CONSIDERATION** of the parties' Joint Rule 16.3 Report and the entire record herein, it is this ____ day of __________________, 2007 hereby,

**ORDERED** that the parties shall abide by the following dates, deadlines and limitations:

| | |
|---|---|
| Initial disclosures | 30 days from the date of this Order. |
| Close of all discovery | 180 days from the date of this Order. |
| Interrogatories | 40 for plaintiff and 25 for defendant. |
| Depositions | 10 per party. |
| Deadline for filing dispositive motions: | 30 days after close of discovery. |

[1] In March 2007, Cristian Samper became the Acting Secretary of the Smithsonian Institution and should, therefore, be substituted for former Secretary Lawrence M. Small as the defendant in this action. See Fed. R. Civ. P. 25(d)(1). Pursuant to the Court's October 25, 2007 Memorandum Opinion and Order, the United States is hereby substituted as the sole defendant pertaining to plaintiff's Federal Tort Claims Act claims.

| | |
|---|---|
| Pretrial Conference: | 60 days after discovery closes or 60 days after the Court rules on post-discovery dispositive motions. |

IT IS SO ORDERED.

Date: ____________________

______________________________
HENRY H. KENNEDY
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DORATHA KLUGEL**, Plaintiff, | |
| v. | **Civil Action No.: 06-1886 (HHK)** |
| **CRISTIAN SAMPER, Acting Secretary, Smithsonian Institution,** **and** **the UNITED STATES OF AMERICA,** Defendants.[1] | |

## [DEFENDANTS' PROPOSED] ORDER

**UPON CONSIDERATION** of the parties' Joint Rule 16.3 Report and the entire record herein, it is this ____ day of __________________, 2007 hereby,

**ORDERED** that the parties shall abide by the following dates, deadlines and limitations:

| | |
|---|---|
| Initial disclosures | 30 days from the date of this Order. |
| Close of all discovery | 180 days from the date of this Order. |
| Interrogatories | 25 per party. |
| Depositions | 10 per party. |
| Deadline for filing dispositive motions: | 30 days after close of discovery. |

[1] In March 2007, Cristian Samper became the Acting Secretary of the Smithsonian Institution and should, therefore, be substituted for former Secretary Lawrence M. Small as the defendant in this action. See Fed. R. Civ. P. 25(d)(1). Pursuant to the Court's October 25, 2007 Memorandum Opinion and Order, the United States is hereby substituted as the sole defendant pertaining to plaintiff's Federal Tort Claims Act claims.

| | |
|---|---|
| Pretrial Conference: | 60 days after discovery closes or 60 days after the Court rules on post-discovery dispositive motions. |

IT IS SO ORDERED.

Date: ____________________

________________________________
HENRY H. KENNEDY
United States District Judge