UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DORATHA KLUGEL, <br>   Plaintiff, | ) <br> ) <br> ) |
| v. | ) Civil Action No. 06-1886 (HHK) <br> ) |
| CRISTIAN SAMPER, Acting, <br> Secretary, Smithsonian Institution, et al. <br>   Defendants. | ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF A MEDICAL RELEASE**

Comes now the Plaintiff Doratha Klugel and files this opposition to Defendants' Motion to Compel Production of a Medical Release.

Defendants have filed a twelve-page brief that is long on the issue of the relevancy of medical records to claims of emotional pain and suffering, but short on the issue before the Court: whether a Plaintiff, over objection, can be forced to sign a medical waiver of unlimited scope and duration when such records are in the possession of a third party; or must do so where, as here, the Plaintiff has already turned over her medical records voluntarily. Defendants seek a broad remedy based on distinguishable cases while ignoring the bulk of cases around the nation that hold that a production demand cannot be used to force Plaintiff to create a record nor to provide records not in their own possession, custody and control.

The gravamen of Ms. Klugel's current claims are these: 1) that the Smithsonian engaged in discrimination based on sex in connection with an inquiry conducted by the Inspector General's office in 2004; 2) that the Smithsonian violated Ms. Klugel's privacy when it asked her intrusive questions about her sex life and sexuality; and 3) that the

Smithsonian violated the Rehabilitation Act when it made improper inquiries into her medical leave. Ms. Klugel's case at its core, then, involves a case where the Smithsonian is charged with misusing its investigatory operatives to invade the personal life of Ms. Klugel; and, as a result, it also implicated Title VII and the Rehabilitation Act.

While Ms. Klugel does claim emotional pain and suffering, that claim arises out of the invasion of privacy, that is a result of the scathing and unprofessional inquiry conducted by male employers who seemed more interested in determining the salacious details of Ms. Klugel's sex life; and who, after she protested this invasion, tried to use inquiries into her medical leave as a method of disparaging her veracity. The case then is about reputational damage.

Since, Ms. Klugel has alleged emotional distress arising out of that damage, she has agreed, and did surrender voluntarily, medical records pertaining to her physical and emotional condition at the time of and subsequent to the December, 2004, events.

Perhaps sensing from depositions the lack of any plausible explanation for such inquiries, the Agency now, somewhat belatedly at the close of discovery, seeks to conduct an extensive review of Ms. Klugel's entire medical history by forcing her to sign a medical release for providers to whom the Agency, while well aware of their existence, has issued no subpoenas and until the time of Ms. Klugel's deposition seemed to have no particular interest in.

Ms. Klugel takes little exception to the concept that the Agency may make inquiry into her medical history and signed a protective order governing just such records. Thus, counsel will not address the rather extraneous arguments on that issue.

What is at issue, however, is whether the Defendants can compel Plaintiff to sign without limitation a medical release that authorizes Defendants to stand in Plaintiff's shoes as a patient and secure unfettered access to matters which in all likelihood have nothing to do with this case. Further, there is the fundamental issue as to whether, through discovery, the Defendants can force Plaintiff to undertake an independent legal act and waiver with respect to a third party. Plaintiff contends that neither the facts of this case, case law, or the Federal Rules of Civil Procedure warrant this extraordinary relief.

Federal Rule of Civil Procedure 34 allows a party to serve upon another party a request for, among other things, "documents or electronically stored information;" F.R.C.P. 34(a)(1)(A). The rule does not require, nor in fact authorize, a party to direct its opponent to create records which are not in the party's existing possession; nor does the rule authorize a party to force an opponent to sign a contractual document. Clark v. Vega Wholesale, Inc. (D. Nev. 1998) (Title VII suit, 181 F.R.D. 470; held that Rule 34 was not a mechanism for enforcing signature of a medical release), quoting Neal v. Boulder, 142 F.R.D. 325 (D. Col. 1992) (F.R.C.P. 34 allows no basis to compel the provision of a medical release since the plaintiff lacked custody and control over the records.) See, Shaw v. Management Training Corp., 2005 WL 375666 (D. Kan. 2005) (Plaintiff could not be compelled under Rule 34 to sign authorization to release prior employment records even though such records were relevant). See also, Schwartz v. Home Depot USA, Inc., 2007 WL 202112 (D. Ariz. 2007) (Medical authorization would not be compelled unless movant can show they could not receive it via third party subpoena. Claim that HIPAA prohibits such release ignores HIPAA exception for judicial process).

3

Deefendants' reliance on Roberson v. Bair, 242 F.R.D. 130 (D. DC 2007) is misplaced. Roberson dealt with a situation where the plaintiff previously agreed to sign a medical authorization and then recanted while also refusing to provide the records; 242 F.R.D. at 136. Further, the plaintiff in Roberson never addressed the medical records issue in her opposition; and, thus, the matter was virtually conceded. *Id*.

In the instant action, Ms. Klugel surrendered medical records to the Defendant which she has in her possession or provided Defendant with the identities of the medical providers whom the Defendants could subpoena. Now with discovery closed and at the eleventh hour, Defendants suddenly decides that a full, unrestricted medical release is necessary to review Plaintiff's entire history in a straightforward case where the harm from the improper inquiry is readily apparent.

Lebron v. Powell, 217 F.R.D. 72 (incorrectly cited as 215 F.R.D. 72 by Defendants) (D. D.C. 2003) is also not relevant. In Lebron, the Plaintiff repeatedly ignored discovery obligations and refused to provide information to support her emotional distress claims. Indeed, in Lebron, the plaintiff engaged in tactics that could openly be described as dishonest and obstructive. While there was a litany of violations, the one that triggered a compulsory signature of a release was plaintiff's lack of candor regarding the number of doctors she had and the scope and nature of their treatment. Forced with this intransigence, the Court ordered the extraordinary remedy of compelling a release.

In short then, there is no basis at law or fact for the Defendants to obtain the relief requested. The request should, therefore, be denied.

        Respectfully submitted,

        DORATHA KLUGEL
        By Counsel

GRAD, LOGAN and KLEWANS, P.C.

    /s/ Kevin Byrnes
Kevin Byrnes, DC Bar #480195
3141 Fairview Park Drive, Suite 350
Falls Church, VA 22042
Firm Telephone: 703-548-8400
Direct Line: 703-535-5393
Facsimile: 703-836-6289
Email: kbyrnes@glklawyers.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2008, a true copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Compel Production of a Medical Release was delivered via electronic filing to the Defendants, as follows:

Michelle Nicole Johnson
UNITED STATES ATTORNEY'S OFFICE
555 Fourth Street, NW
Room E-4212
Washington, DC 20530
Telephone: (202) 514-7139
Facsimile: (202) 514-8780
Email: Michelle.Johnson@usdoj.gov
*Counsel for Defendants*

        /s/ Kevin Byrnes
        Kevin Byrnes, DC Bar #480195
        GRAD, LOGAN and KLEWANS, P.C
        3141 Fairview Park Drive, Suite 350
        Falls Church, VA 22042
        Firm Telephone: 703-548-8400
        Direct Line: 703-535-5393
        Facsimile: 703-836-6289
        Email: kbyrnes@glklawyers.com
        *Counsel for Plaintiff*