IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------
DORATHA KLUGEL,                    )
                                   )
         Plaintiff,                )
                                   )
                                   )  Civil A. No. 06-1886 (HHK)
v.                                 )
                                   )
G. WAYNE CLOUGH, Secretary,        )
Smithsonian Institution,¹          )
                                   )
and                                )
                                   )
THE UNITED STATES OF AMERICA,      )
                                   )
         Defendants.               )
                                   )
----------------------------------- )
```

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFF TO PRODUCE SIGNED MEDICAL RELEASES**

Defendants, G. Wayne Clough, Secretary of the Smithsonian Institution, and the United States of America, hereby submit their reply in further support of their motion for an order compelling plaintiff to produce signed medical releases.

**INTRODUCTION**

In their motion to compel, defendants thoroughly set forth why they are entitled to the production of signed medical authorizations to enable them to obtain plaintiff's mental health records for the period relevant to this litigation. Indeed, plaintiff does not contest that she seeks damages for mental pain and suffering. Plaintiff's Opposition to Defendants' Motion to

---

[1] Pursuant to Fed. R. Civ. P. 25(d) Mr. G. Wayne Clough has been automatically substituted for defendant Cristian Samper.

Compel Production of Medical Releases ("Pl.'s Opp'n") at 2 (noting that plaintiff "does claim emotional pain and suffering . . . ."). Rather, plaintiff contends that the "issue before the Court" is "whether a Plaintiff, over objection, can be forced to sign a medical waiver of unlimited scope and duration when such records are in the possession of a third party; or must do so where, as here, the Plaintiff has already turned over her medical records voluntarily." Id. at 1. Plaintiff's statement of the issue before the Court rests on false and misleading assertions.

First, defendants do not seek releases of "unlimited scope and duration." In their motion, defendants have only sought releases from plaintiff's mental health providers from 2004 to the present, hardly a request for releases of "unlimited scope and duration."

Second, plaintiff has not, to date, produced one medical record from one mental health provider. Thus, she misleads the Court by stating that she has produced her medical records "voluntarily" and flat out misstates the facts when she asserts that she has provided "medical records pertaining to her . . . emotional condition . . . ." Pl.'s Opp'n at 2. Rather, she has only produced those medical records she has hand-selected, none of which relate in any way to the mental health treatment she testified she received.

In short, plaintiff has continued to engage in obfuscation

in an attempt to avoid her discovery obligations. This behavior should not be countenanced by the Court.

**ARGUMENT**

### I. THE LAW OF THIS JURISDICTION REQUIRES PLAINTIFF TO PRODUCE SIGNED MEDICAL RELEASES.

The law is clear in this district that defendants are entitled to obtain medical releases for records pertaining to a plaintiff's mental status. See, e.g., Roberson v. Bair, 242 F.R.D. 130, 136 (D.D.C. 2007) (ordering plaintiff to produce medical records in her possession and to sign a medical authorization for her doctors to release medical information); Lebron v. Powell, 217 F.R.D. 72, 77 (D.D.C. 2003) (ordering plaintiff in discrimination and retaliation lawsuit to provide signed medical authorizations for the release of plaintiff's "unexpurgated records" for each provider).[2]

---

[2] Plaintiff's attempt to distinguish the cases cited by defendants is unsuccessful. Plaintiff contends that defendants' citation to Roberson is not on point because the case "dealt with a situation where the plaintiff previously agreed to sign a medical authorization and then recanted while also refusing to provide the records." Pl.'s Opp'n at 4. Plaintiff's characterization of Roberson demonstrates why the case is exactly on point. Here, plaintiff, like the plaintiff in Roberson, agreed to provide a release and/or records pertaining to her mental health treatment but then "recanted while also refusing to provide the records." Similarly, plaintiff characterizes the plaintiff in Lebron as one who "repeatedly ignored discovery obligations and refused to provide information to support her emotional distress claims." Id. at 4. Again, plaintiff here was requested to provide signed medical releases in February 2008 and has repeatedly "ignored" her discovery obligation and "refused to provide information to support her emotional distress claims." Thus, Roberson and Lebron provide direct support for the finding that plaintiff in this case must provide signed medical releases.

Plaintiff concedes that the agency can "make inquiry into her medical history" and notes that she "signed a protective order governing just such records." Pl.'s Opp'n at 2. According to plaintiff, "[w]hat is at issue . . . is whether the Defendants can compel Plaintiff to sign without limitation a medical release that authorizes Defendant to stand in Plaintiff's shoes as a patient and secure unfettered access to matters which in all likelihood have nothing to do with this case." Id. at 3. However, as noted supra, plaintiff's objection is not well-founded as defendants have not sought an unlimited medical release or to secure "unfettered access" to irrelevant matters. "Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so." Moore v. Chertoff, No. Civ.A. 00-953, 2006 WL 1442447, at *2 (D.D.C. May 22, 2006) (citations omitted).[3]

None of the cases plaintiff cites refutes defendants' argument. First, none of the cases plaintiff cites are from this district, and thus they are not binding on this Court. Notably,

---

[3] In addition, plaintiff's concession that defendants can inquire into her medical history and that she is seeking damages for emotional pain, Pl.'s Opp'n at 2, belies her statement that such matters "in all likelihood have nothing to do with this case." Id. at 3.

4

in Clark v. Vega Wholesale, Inc., 181 F.R.D. 470, 472 (D. Nev. 1998), the court "acknowledge[d] that some courts have ordered a party to sign a medical release . . . ." See also Schwartz v. Home Depot U.S.A., Inc., No. Civ.A. 06-2168, 2007 WL 2020112, at *1 (D. Ariz. July 6, 2007) ("Several courts have ordered parties to provide medical records releases pursuant to Rule 34(a) . . . in order to compel the production of the records."). Furthermore, in Clark part of the court's reasoning in denying the request for a signed release was premised on the fact that there was no federal physician-patient privilege and thus defendant would "have complete access to all the necessary information through the appropriate discovery provisions of the Federal Rules of Civil Procedure." Id.[4] Furthermore, Shaw v. Management Training Corp., No. Civ.A. 04-2394, 2005 WL 375666, at *1 (D. Kan. Feb. 9, 2005), does not support plaintiff's position, notably because the case did not concern medical releases, but releases for employment applications plaintiff submitted after her employment ended with the employer-defendant. Notably, the plaintiff in Shaw had already agreed to sign an authorization permitting the defendant to obtain the records from employers for

---

[4] The Clark court relied on the decision in Neal v. Boulder, 142 F.R.D. 325 (D. Col. 1992) wherein the court denied defendants' request for signed medical releases. However, in Neal a large part of the court's justification for denying the defendant's request for signed medical releases centered on the court's concern that defense counsel would engage in ex parte communications with plaintiff's treating physicians, which had previously occurred. Id. at 326-27.

whom she worked <u>prior</u> to her employment with the defendant.  <u>Id.</u> Thus, her only objection was to providing an authorization from <u>prospective</u> employers, and the court found that plaintiff's relationship with such "prospective entities" was "not sufficient to establish control at this juncture of the discovery process." <u>Id.</u>

It is not surprising that plaintiff ignores the law of this district in an attempt to justify her refusal to provide signed medical releases as the law in this district clearly supports defendants' argument and is directly contrary to the law cited by plaintiff.  For example, in <u>Kifle v. Parks & History Assoc.</u>, No. Civ.A. 98-00048, 1998 WL 1109117, at *1 (D.D.C. Oct. 15, 1998), the court rejected plaintiffs' argument that they were not in "control" of mental health records where they had just recently sought mental-health care.  The court held that Rule 34 of the Federal Rules of Civil Procedure clearly requires "'a party to produce documents which are in his personal control <u>or which he has a legal right to control or obtain.</u>'"  <u>Id.</u> (quoting <u>Tavoulareas v. Piro</u>, 93 F.R.D. 11, 20 (D.D.C. 1981) (emphasis added)).  The court held that in the case before it, "quite apart from whether the [p]laintiffs actually possess the records and the documents requested . . . they plainly possess the legal right to control and obtain those records."  <u>Id.</u>  See also <u>Doe v. District of Columbia</u>, 231 F.R.D. 27, 35 (D.D.C. 2005) (holding

that medical records were within plaintiff's "control" and requiring that plaintiff "authorize [the records'] release to defendant . . . ."). Thus, the case law <u>from this district</u> clearly demonstrates that plaintiff is deemed to be in "control" of the medical records defendants seek and can be required to sign medical authorizations to enable defendants to obtain these records.[5]

## **CONCLUSION**

For the reasons set forth above, and in defendants' initial motion to compel, defendants request that this Court order plaintiff to sign medical releases enabling defendants to obtain plaintiff's mental health records dating from 2004 until the

---

[5] Plaintiff contends that defendants "somewhat belatedly at the close of discovery" seek to "conduct an extensive review of Ms. Klugel's entire medical history . . . ." Pl.'s Opp'n at 2. <u>See</u> <u>id.</u> at 4 ("Now with discovery closed and at the eleventh hour, Defendant suddenly decides that a full, unrestricted medical release is necessary to review Plaintiff's entire history in a straightforward case where the harm from the improper inquiry is readily apparent."). Plaintiff's assertions are wholly false. Defendants have not waited until the "eleventh hour" to seek these medical releases. Defendants timely sought medical releases from plaintiff in February 2008, when they first served their requests for production of documents. <u>See</u> Defendants' Motion to Compel Production of Signed Medical Releases ("Defs.' Mot."), Ex. 3 (Defendants' Document Requests). Plaintiff, in violation of her discovery obligations, refused to provide the releases and, despite later agreeing to provide such releases/mental health records, then reneged on that agreement. Defs.' Mot., Ex. 7 (Email dated June 12, 2008). Thus, it is plaintiff, not defendants, who is to blame for the timing of defendants' motion to compel. Furthermore, defendants have never sought a "full, unrestricted medical release." Rather, defendants sought medical releases directed to plaintiff's health care providers, including any mental health care providers, for the time period relevant to this litigation.

present.[6]

                Respectfully Submitted,

                 /s/
                JEFFREY A. TAYLOR, D.C. Bar #498610
                United States Attorney

                 /s/
                RUDOLPH CONTRERAS, D.C. Bar #434122
                Assistant United States Attorney

                 /s/ Michelle Johnson
                MICHELLE N. JOHNSON, D.C. Bar #491910
                Assistant United States Attorney
                United States Attorney's Office
                Civil Division
                555 4th Street, NW – Room E4212
                Washington, DC 20530
                (202) 514-7139 (Telephone)
                (202) 514-8780 (Facsimile)

---

[6] Apparently not wanting to abide by this district's law – or its local rules – plaintiff has failed to submit a proposed order with her opposition, as required by this Court's local civil rules. See LCvR 7(c) ("Each motion and opposition shall be accompanied by a proposed order.") (emphasis added).