UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DORATHA KLUGEL,<br><br>     Plaintiff,<br><br>     v.<br><br>G. WAYNE CLOUGH, Secretary,<br>Smithsonian Institution, et al.,<br><br>     Defendants. | Civil Action No.  06-1886<br>HHK/DAR |

## MEMORANDUM ORDER

Defendants' Motion to Compel Plaintiff to Produce Signed Medical Releases (Document No. 28) is pending for determination by the undersigned. Through said motion, Defendants seek "an order compelling [P]laintiff to provide signed medical releases for each of the mental health care providers she has seen between the years of 2004 and the present." Defendants' Memorandum of Law in Support of Their Motion to Compel Plaintiff to Produce Signed Medical Releases ("Defendants' Memorandum") at 12.

Upon consideration of the motion; Plaintiff's Opposition to Defendants' Motion to Compel Production of a Medical Release (Document No. 30); Defendants' Reply in Further Support of Their Motion to Compel Plaintiff to Produce Signed Medical Releases (Document No. 37) and the entire record herein, Defendants' motion will be denied. The undersigned so rules based upon the following three findings:

*(1) Defendants never propounded a discovery request in accordance with the Federal*

Klugel v. Clough, *et al.*                                                                                                          2

*Rules of Civil Procedure.*

      Defendants' motion is predicated entirely upon Plaintiff's failure "to sign medical releases, which were attached[]" to Defendants' Request to Plaintiff for Production of Documents, in response to Request for Production No. 15.  Defendants' Memorandum at 3-4.  Defendants, in the memorandum in support of their motion, exclusively address their interest in obtaining certain of Plaintiff's medical records.[1]  However, Defendants offer no authority for the proposition that a party may extract from an opposing party a signed authorization for the release of medical records by attaching an unsigned release to a request for production of documents and directing that the opposing party "[p]lease sign the enclosed medical release authorization form and return it to counsel" for the requesting party.  Defendants' Memorandum, Exhibit 3 at 4; *compare* Fed.R.Civ.P. 34(a)(1) (providing for service on another party of a request "to produce[,]" or to permit the requesting party "to inspect, copy, test, or sample[,]" enumerated items in the responding party's possession, custody or control).  The strained interpretation of Rule 34 which Defendants urge is inconsistent with the plain language of the rule.

      Moreover, the limited published authority with respect to the issue of whether Rule 34 is a vehicle by which a party may be compelled to sign an authorization for the release of records–even where such records have been determined to be relevant–hold that it is not.  *See, e.g., Becker v. Securitas Sec. Services USA, Inc.,* No.  CIV.A.06-2226, 2007 WL 677711, at *3 (D. Kan. March 2, 2007) ("Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party.") (citing Shaw v. Mgmt. & Training Corp., No. CIV. A. 04-2394, 2005 WL 375666, at *1 (D. Kan.

---

[1]  *See* Defendants' Memorandum at 2-3, 7-11.

Klugel v. Clough, *et al.* 3

Feb. 9, 2005); *see also Clark v. Vega Wholesale Inc.,* 181 F.R.D. 470, 471 (D. Nev. 1998) ("no basis in Rule 34" for entry of an order compelling a party to sign a release form to permit the moving party to obtain the signing party's medical records).[2]

Upon consideration of these authorities, this court now holds that a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records.[3]

*(2) Defendants' request is untimely.*

Defendants served the request for production of documents which is the subject of their motion to compel on February 28, 2008, and Plaintiff served her response to the request on March 20, 2008. Defendants' Memorandum at 3-4. Discovery closed on May 17, 2008. Scheduling Order (Document No. 20), Appendix C. In the memorandum in support of their

---

[2] A party may, of course, obtain discovery with respect to another party's medical records, where such records are relevant, by the means provided by the Federal Rules of Civil Procedure for such discovery. *See, e.g., Becker,* 2007 WL 677711, at *3, n. 12; Rule 35 of the Federal Rules of Civil Procedure provides for physical and mental examinations of a party whose physical or mental condition is in controversy. However, Defendants did not utilize that rule to take discovery with respect to Plaintiff's condition. Defendants' Memorandum at 10, n.8. Defendants' assertion that they could not do so "as they have received no evidence pertaining to the nature and severity of [P]laintiff's alleged mental distress[]" (*see id.*) is disingenuous: Defendants deposed Plaintiff and asked her about her condition, and indeed, include excerpts of the deposition as an exhibit to their motion to compel. Defendants' Motion to Compel Plaintiff to Produce Signed Medical Releases, Exhibit 1. In any event, Defendants were not precluded from seeking an independent medical examination by Plaintiff's decision not to sign the release attached to Defendants' Request to Plaintiff for Production of Documents. Further, Defendants do not represent that they made any effort to obtain Plaintiff's medical records by subpoena as permitted under Rule 45 of the Federal Rules of Civil Procedure.

[3] The undersigned is mindful that another judge of this court "consider[ed] medical records to be within plaintiff's control and expect[ed] that [the plaintiff] will authorize their release to defendant pursuant to [a request for production of documents in which the plaintiff was asked to produce "Completed/signed authorization forms for all medical and hospital records.]" *Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D.D.C. 2005). However, it appears that the parties did not address the issue of whether Rule 34 provides for such a request, and the court did not address it *sua sponte;* nor did the court articulate the authority on which the court relied in support of the "expect[ation]" that the plaintiff would sign the release as a part of plaintiff's response to a request for production of documents.

Klugel v. Clough, *et al.* 4

motion for summary judgment–filed the day before they filed their motion to compel–Defendants state that "[d]iscovery has now closed in this case[.]" Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment (Document No. 27) at 1.

Although Defendants' forbearance while engaging in an effort to resolve the dispute without the need for the intervention of the court is commended, the effort extended two months beyond the deadline for the close of discovery.[4]  Accordingly, the undersigned finds that Defendants' motion is untimely.

*(3) Defendants' motion for summary judgment is pending.*

Defendants moved for summary judgment with respect to all of Plaintiff's claims on the day before they filed their motion to compel.  Defendants, in the memorandum in support of their motion for summary judgment, do not suggest that they require further discovery with respect to Plaintiff's mental health in order to support their motion; nor do they so state in the memorandum in support of their motion to compel.  Even if Defendants' motion to compel were predicated upon a discovery request propounded in accordance with the Federal Rules of Civil Procedure, and further, that said motion were timely, the court would appropriately exercise its discretion to stay consideration of it pending the determination of the motion for summary judgment.  *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth., et al.,* 201 F.R.D. 1, 2-5 (D.D.C. 2001).

For all of the foregoing reasons, it is, this 5th day of September, 2008,

---

[4] Defendants never moved for an extension of discovery in order that the issue presented by the motion to compel might be addressed by the court.

Klugel v. Clough, *et al.*                                                                                           5

**ORDERED** that Defendants' Motion to Compel Plaintiff to Produce Signed Medical Releases (Document No. 28) is **DENIED.**

                                                                 /s/
                                            DEBORAH A. ROBINSON
                                            United States Magistrate Judge